JULIUS GLUCK *v.* CATHERINE GLUCK

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 3—decision released June 17, 1980

*Catherine Gluck,* pro se, the appellant (defendant).

No appearance for the appellee (plaintiff).

PER CURIAM. The defendant, in her appeal from a dissolution proceeding, has raised several claims of error attacking the judgment dissolving her marriage on the ground that it had broken down irretrievably. Her assignment of errors included a broad attack on the trial court's finding, but these claims have not been briefed and are therefore considered abandoned. *Healy* v. *White*, 173 Conn. 438, 441, 378 A.2d 540 (1977). Those assigned errors which were pursued by the defendant in her brief are discussed below.

The defendant first challenges both the complaint form prescribed by Practice Book, Form 504.1, and the method for service of process authorized by General Statutes §§ 46b-45 and 52-57. In particular, she claims that abode service is constitutionally deficient within the context of a dissolution proceeding. We disagree. "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice." *Smith* v. *Smith*, 150 Conn. 15, 20, 183 A.2d 848 (1962). The defendant also maintains that because the plaintiff did not affirm the truth of his allegations in a sworn complaint, the complaint does not satisfy constitutional standards.[1] The defendant has not demonstrated any prejudice flowing from the use of a complaint unsupported by the plaintiff's oath. In any event, in order to prevail at trial the plaintiff must prove the allegations of the

---

[1] The defendant relies on article first, § 7 of the Connecticut constitution and amendments IV, V and XIV of the United States constitution. Of these provisions, the first two relate to searches and seizures. In her brief, the defendant has shown no connection between these provisions and the present case; we discern none. Therefore, we review the claimed error against the due process standards delineated by the fourteenth amendment to the United States constitution.

complaint by competent evidence. In the present case, this was accomplished by the plaintiff's testimony taken under oath. The complaint used in this case did not give rise to any error.

Next, the defendant asserts that General Statutes § 46b-40 (c), to the extent that it authorizes the dissolution of a marriage if the marriage has broken down irretrievably, is vague, nullifies the other grounds for dissolution, prevents defenses and impairs the obligation of contracts, all in violation of constitutional strictures. The vagueness issue was resolved in *Joy* v. *Joy,* 178 Conn. 254, 255–56, 423 A.2d 895 (1979); what was said there need not be repeated here. The gravamen of the unparticularized claim that irretrievable breakdown nullifies the other grounds for dissolution set forth in § 46b-40 (c) and prevents defenses appears to be that the legislature has sanctioned divorce on demand. This claim too was rejected in *Joy* v. *Joy,* supra. The notion that allowing marital dissolutions based on irretrievable breakdown impairs the obligation of contracts within the meaning of article one, § 10 of the United States constitution is bankrupt. Marriage is not a contract within the meaning of this clause of the constitution. *Maynard* v. *Hill,* 125 U.S. 190, 210, 8 S. Ct. 723, 31 L. Ed. 654 (1888).

Again relying on constitutional grounds, the defendant argues that she was deprived of a jury trial in violation of both the United States constitution, amendment seven, and the Connecticut constitution, amendment four. The seventh amendment to the United States constitution applies only in federal courts. *Olesen* v. *Trust Company of Chicago,* 245 F.2d 522, 524 (7th Cir.), cert. denied, 355 U.S. 896, 78 S. Ct. 270, 2 L. Ed. 2d 193 (1957);

*Colt* v. *Eves,* 12 Conn. 243, 251–52 (1837). See also *Hardware Dealers' Mutual Fire Ins. Co.* v. *Glidden,* 284 U.S. 151, 158, 52 S. Ct. 69, 76 L. Ed. 214 (1931). Under our state constitution, no party has a right to a trial by jury in an equitable action. *United States Fidelity & Guaranty Co.* v. *Spring Brook Dairy, Inc.,* 135 Conn. 294, 297, 64 A.2d 39 (1949). A dissolution of a marriage, although a creature of statute, is essentially an equitable action. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975).

The defendant next contends that the trial referee who heard the matter and rendered the dissolution decree acted without subject matter jurisdiction because the case was referred to him without the written consent of the parties or their attorneys as required by General Statutes § 52-434.[2] While this section governs generally both the reference of cases to trial referees and the procedures for conducting hearings before such referees, the more particular provisions of § 46b-9[3] control the reference of dissolution actions. Although reference by consent may well be a preferable procedure, the latter statute contains no express requirement that

[2] General Statutes § 52-434 provides in pertinent part as follows: "The superior court may, with the written consent of the parties or their attorneys, refer any case pending before such court in which the issues have been closed to such a state referee who shall have and exercise the powers of the superior court in respect to trial, judgment and appeal in such case."

[3] "[General Statutes] Sec. 46b-9. (Formerly Sec. 51-340). HEARING BY REFEREE IN ACTION FOR DISSOLUTION OF MARRIAGE, LEGAL SEPARATION OR ANNULMENT. In any action for dissolution of marriage, legal separation or annulment the court may refer the case or any matter in which the issues have been closed to a state referee who shall have been a judge of the referring court or who shall have been a judge of the court of common pleas; provided the referring court shall retain jurisdiction to hear and decide any pendente lite or contempt matters until such time as the referee

the parties consent in writing to the reference. The question arises, however, whether the final sentence of § 46b-9, which provides that "[a]ny hearing by such referee shall be conducted as provided in section 52-434," incorporates the written consent provision of § 52-434. We hold that it does not. Section 52-434 details both reference procedures and hearing procedures. In incorporating the hearing procedures from § 52-434 into § 46b-9, the legislature refrained from similarly engrafting any reference provisions into § 46b-9. The expression, in § 46b-9, of an alternative method for referring dissolution actions to a referee explicitly does away with the written consent of the parties or their attorneys as a precondition to the exercise of jurisdiction by the referee. See also Practice Book, 1978, § 458.

The defendant also urges reversal on the basis of the exclusion of certain testimony that she claims denied her, as a female, the equal protection of the laws guaranteed by the fourteenth amendment to the United States constitution. Not even a trace of disparate treatment on the basis of gender has been pointed out by the defendant; our review of the record reveals no ground for such a claim being raised.

Finally, the defendant asserts that she is entitled to pendente lite relief upon reversal and remand of

hears and decides the case or matter. The chief court administrator, or his designee, may authorize the presiding judge to refer to such state referee any action for the dissolution of marriage, legal separation or annulment which is on the family relations uncontested assignment list. Such uncontested assignment list matters shall be heard on the date on which they are assigned to be heard on the uncontested assignment list, and if they are not heard on such date the reference shall be automatically revoked. Any hearing by such referee shall be conducted as provided in section 52-434."

this case. Whatever the merits of her position may be, our disposition of the case renders further discussion of this issue unnecessary.

There is no error.