[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, Tom Greenwood, has moved to dismiss this action as against him on the ground that he was not properly served CT Page 895 pursuant to G.S. 52-57. The return of the sheriff states that said defendant was served at 107 Brookmore Rd., West Hartford, Conn. as his usual place of abode. The affidavit of the defendant presented with the motion states that he has never lived at that address. The plaintiffs argue in their memorandum that the defendant held out that he was doing business as "Buena Vista Home Modernizers" at said address and have offered a page of the telephone book for 1989-90 which does not list a telephone for him or the business which he claimed in his affidavit to have operated.
There is no substitute for "in hand" or abode service in accordance with G.S. 52-54, where jurisdiction over the person of a resident individual is sought. White-Bowman Plumbing 
Heating, Inc. v. Biafore, 182 Conn. 14, 17. It serves the dual function of conferring jurisdiction and giving notice; Gluck v. Gluck, 181 Conn. 225, 226; Smith v. Smith, 150 Conn. 15, 20.
P.B. 143 permits the filing of affidavits with a motion to dismiss where the facts are not apparent on the record. Where the fact alleged in such affidavit disclose that no genuine issue as to a material fact exists, the motion is to be granted. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56. Even if the facts offered by the plaintiffs were properly produced in an affidavit, they would not be sufficient to contest the facts of the defendant's affidavit that service was neither made manually or at the abode of the said defendant.
The motion to dismiss is therefore granted.
CORRIGAN, J.