[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO REVOKE REFERENCE AND TO CLAIM JURY TRIAL IN DISSOLUTION PROCEEDING
The plaintiff, Joanne Farrell, filed the original complaint on April 29, 1986, seeking a dissolution of her marriage to the defendant Frank Farrell. On or about June 16, 1989, the plaintiff amended her complaint to include a fraudulent transfer claim against additional defendants, including defendant Palmieri. On May 7, 1990, the court granted plaintiff's motion to refer the matter to a trial referee.
On December 13, 1991, the plaintiff filed a second amended complaint. In the second count, the plaintiff alleges that defendant Farrell transferred his real property holdings to various named friends and associates, including defendant Palmieri. The plaintiff further alleges that defendant Farrell made these transfers in order to exclude the property from the marital estate and defraud the plaintiff and the State of Connecticut as her assignee with respect to child support payments owed by defendant Farrell.
In her claim for relief, the plaintiff seeks the imposition of a constructive trust and an equitable decree vacating the alleged fraudulent conveyance from defendant Farrell to defendant Palmieri. The plaintiff also seeks imposition of a constructive trust on this property. The plaintiff further seeks to recover compensatory and punitive damages from the defendants.
On February 18, 1992, defendant Palmieri filed his answer and simultaneously claimed the case to a jury. On February 20, 1992, Palmieri moved to revoke the reference to a trial referee. In his memorandum in support of his motion, Palmieri argues that he is entitled to a trial by jury because the plaintiff seeks money damages in addition to equitable relief. Palmieri also argues that he never consented to the referral, and that the plaintiff's referral was improperly granted before the pleadings were closed. The plaintiff argues that the claim against Palmieri is essentially equitable in nature, and that assigning the case to the jury docket would unfairly prejudice the plaintiff by further delaying the case.
Practice Book 308 provides that "[a] case presenting issues both in equity and law may be claimed for the jury list, but, unless the court otherwise orders, only the issues at law shall be assigned for trial by the jury." "A defendant has a right to a jury trial under General Statutes 52-215, therefore, only if a plaintiff's cause of action is not equitable within the terms of that statute." Gaudio v. Gaudio, 23 Conn. App. 287, 301, CT Page 6425580 A.2d 1212 (1990). Practice Book 308 allows a party to claim a jury trial in a case presenting both legal and equitable issues, but provides for a jury trial on only the legal issues. Id. "The dispositive issue, therefore, is whether the plaintiff's complaint presents legal or equitable claims." Id.
There is no right to a jury trial in an equitable action. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,50, 578 A.2d 1048 (1990). When legal and equitable issues are combined in a single action, "whether the right to a jury trial attaches depends upon the relative importance of the two types of claims." Texaco, Inc. v. Golart, 206 Conn. 454, 459,538 A.2d 1017 (1988).
 Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. (citation omitted) Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . .
United States Trust Co. v. Bohart, 197 Conn. 34, 45,495 A.2d 1034 (1985) (Citations omitted). "To determine whether the plaintiff's action is essentially legal or essentially equitable, [the court must] examine the pleadings in their entirety." Gaudio v. Gaudio, supra, 302.
The first count of the plaintiff's second amended complaint seeks a dissolution of her marriage, which is essentially an equitable action. See Gluck v. Gluck, 181 Conn. 225, 228,435 A.2d 35 (1980). Defendant Palmieri is not named in that count, nor did he request a jury trial on that count.
In the second count, the plaintiff alleges that defendants Farrell and Palmieri colluded to effect a fraudulent conveyance of real estate which should constitute part of the marital estate. "A party complaining of fraudulent conveyance has, among other remedies, one at law for damages against both wrongdoers, and one in equity to have the fraudulent conveyance set aside." Gaudio v. Gaudio, supra, 302.
This Court is of the opinion that the relief sought in the Second Amended Complaint falls within the equitable and legal relief which can be provided in this Court without the necessity of submitting the factual issues to the jury. Any claim for damages, incidental to an alleged fraudulent conveyance, may be addressed by this Court. See Molitor v. Molitor, 184 Conn. 530
(1981) Dzubin v. Dzubin, 121 Conn. 646 (1936); and Lombardi v. Lombardi, 124 Conn. 569, 571 (1938). This Court supports the view expressed eloquently by Judge Robert Fuller in Weber v. Weber, 15 C.L.T. 29 (1989), that allegations of fraudulent conveyances and resulting damages asserted in dissolution proceedings should be resolved in such proceedings.
Accordingly, the request to claim a jury trial is denied, and the jury claim is stricken. Nevertheless, inasmuch as the pleadings as to all parties were not closed when the reference was made, this Court revokes the reference, as required by Conn. Gen. Stat. 46b-9.
Clarance J. Jones, Judge