[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE CLAIM TO JURY
This is an eight-count amended complaint seeking relief of various kinds for alleged violations and failure to implement orders under the State Water Pollution Control Act and the State Environmental Protector Act of 1971.
On May 11, 1992 Defendant filed a jury claim slip together with its Answer. On May 14, 1992, Plaintiff filed a motion to strike this claim for jury on several grounds, basically that Defendant had no right under any commitment statute or the state constitution to trial by jury in this case.
 I.
The right to a jury trial in civil actions in Connecticut is governed by the Connecticut Constitution which states that "[t]he right of trial by jury shall remain inviolate." Conn. Const. Art. I, 19. However, this constitutional guarantee applies only to legal issues. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, CT Page 8058 50, 578 A.2d 1054 (1990). In addition, General Statutes52-215 provides that as a matter of right: "[C]ivil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity . . . [and] . . . all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases."
The right to a jury trial applies "both in cases in which it existed at common law at the time of the adoption of the constitutional provisions preserving it and in cases substantially similar thereto." (Emphasis in original.) Equitable actions are not within the constitutional guarantee of trial by jury. Ford, supra, 50.
"`The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury.'" Skinner v. Angliker, 211 Conn. 370, 375, 559 A.2d 701 (1989), quoting Swanson, supra, 164-65. "`The historical test . . . is flexible and may require a jury in a new cause of action, not in existence in 1818], if it involves rights and remedies of the sort traditionally enforced in an action at law or if its nearest historical analogue is an action at common law.'" Id., 377, quoting Goar v. Compania Peruana de Vapores,688 F.2d 417, 427 (5th Cir. 1982). In addition, the court must determine if the cause of action, not the relief claimed, is essentially equitable or legal. Franchi v. Farmhole, Inc.,191 Conn. 201, 211, 464 A.2d 35 (1983).
Statutory actions enacted since 1818 are generally not included within the constitutional protection for trial by jury. Swanson, supra, 163; Windham Community Memorial Hospital v. Windham, 32 Conn. Sup. 271, 273, 350 A.2d 785
(C.P. 1975). In Skinner, supra, 375 the court stated:
 "`Special statutory proceedings' cannot be construed under the constitutional provisions guaranteeing jury trials, to mean any cause of action whatsoever, simply because it is authorized by an enactment of the legislature. If it could, the legislature, by the process of giving legislative sanction to common-law causes of action, could, in the course of time, obviate the guarantee of jury trial completely . . . . The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." CT Page 8059
Quoting Swanson, supra, 164-65.
 II.
The plaintiff claims that the defendant has no right under the Connecticut Constitution to trial by jury of the state's claim for injunctive relief or claim for penalties because the state's claim for injunctive relief and penalties had no pre-1818 counterpart. While there have been no cases decided at the appellate level concerning whether a party has the right to a jury trial is an action where the state is seeking an injunction and penalties pursuant to Connecticut's environmental laws, there have been several cases at the superior court level that have dealt with this issue. In Commissioner of Environmental Protection v. Contract Plating Company, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0291013, Memorandum of Decision (May 17, 1984, Hennessey, J.), the commissioner sought injunctive relief pursuant to General Statutes22a-430(d) and penalties pursuant to General Statutes22a-438 in connection with a violation of the Connecticut Water Pollution Control Act. The court (Hennessey, J.) held that the essence of such actions are "part of a comprehensive plan designed by the legislature to control new and existing water pollution," Id., 4, and that therefore, "[t]he determination of whether defendant violated its discharge permit and is subject to a penalty was not an issue triable to a jury in 1818." Id.; see also Carothers v. Wallingford, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0347169, Order of the Court (September 12, 1988, O'Connor, J.) (motion to strike claim to jury docket granted in an action by the commissioner seeking an injunction and penalties against the defendant pursuant to General Statutes 22a-44(b); Anderson v. New England Demolition, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0331358, Order of the Court (May 23, 1988, Shaughnessy, J.) (motion to strike claim to jury docket granted in action by commissioner seeking injunctive relief and penalties pursuant to General Statutes 22a-226); Pac v. Contract Plating Company, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0310638, Order of the Court (January 28, 1986, Hennessey, J.) (motion to strike claim to jury docket granted in an action by the commissioner for an injunction and penalties against the defendant pursuant to the Environmental Protection Act of 1971 (General Statutes22a-14 et seq.)).
In the present action, the plaintiff seeks an injunction and penalties pursuant to the Environmental CT Page 8060 Protection Act of 1971 and the Water Pollution Control Act, both enacted after 1818. We believe that the reasoning of the court in Commissioner of Environmental Protection v. Contract Plating Company, supra, is applicable to this case.
 II.
However, the defendant argues that Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), is controlling in the present action. In Tull, the United States Supreme Court held that an action by the federal government seeking an injunction and penalties under the Federal Clean Water Act, 33 U.S.C. § 1251 et seq., is analogous to an action for the collection of a debt on an action for public nuisance, both of which were triable to a jury at common law. Tull, supra, 418-20. According to the Court, "[a]ctions by the government to recover civil penalties under statutory provisions therefore historically have been viewed as one type of action in debt requiring trial by jury." Id., 418-19.
Although the Supreme Court held that although there was a right to a jury trial on the issue of liability, there was no right to a jury trial concerning the amount of a penalty:
 The Seventh Amendment is silent on the question whether a jury must determine the remedy in a trial in which it must determine liability . . . . The answer must depend on whether the jury must shoulder this responsibility as necessary to preserve the "substance of the common-law right of trial by jury." Colgrove v. Battin, 413 U.S. 149, 157
(1973). Is a jury role necessary for that purpose? We do not think so. "`Only those incidents which are regarded as fundamental, as inherent in and of the essence of the system of trial by jury, are placed beyond the reach of the legislature.'" (Citations omitted.) . . . The assessment of a civil penalty is not one of the "most fundamental elements."
Tull, supra, 425-26.
We do not view Tull as controlling in the present action. Tull was decided under the seventh amendment of the U.S. Constitution which has been held to apply only in federal courts. Gluck v. Gluck, 181 Conn. 225, 227, CT Page 8061435 A.2d 35 (1980). In Tull the Court relied upon precedent decided by the Court under the seventh amendment which is not the law in Connecticut. Under federal law "if a `legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claims as "incidental" to the equitable relief sought.'" (Citation omitted.) Tull, supra, 425. However, the rule in Connecticut appears to be that "`[w]here incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers.'" (Citations omitted.) Franchi, supra, 210.
Since we conclude that the defendant does not have the right under either the state constitution or any Connecticut statute to trial by jury, plaintiff's "Motion to Strike Claim to Jury" is granted.
WAGNER, J.