[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY DOCKET
In this case Continental Bank seeks to foreclose two mortgages, the Second Amended Mortgage and the Second Mortgage (the "Mortgages"), executed by the defendant, Willard Square Associates II Limited Partnership ("Willard Square"). The Second Amended Mortgage secures a Second Amended and Restated Note-A secured by mortgage ("Note-A"), in the original principal amount of $3,200,000. The Second Mortgage secures a Second Amended and Restated Note-B secured by mortgage ("Note-B"), in the original principal amount of $2,741,240. The mortgaged premises are located at 34-50 Willard Street, Hartford, Connecticut, and are known as Willard Square Condominiums.
Willard Square has asserted three special defenses and a four count counterclaim against Continental Bank, which are all based on the following factual allegations: In order to induce Willard Square to execute Note-A and Note-B, Continental Bank represented that "in the event of a depressed real estate market in the Greater Hartford Area, CT Page 3944 Willard Square Associates would only have to pay interest at the rate of 9% under Note-A, and the repayment of any extra interest due would be determined by an agreement of the parties based on Willard Square Associates' ability to pay."
The special defenses allege fraud, estoppel and unclean hands. Each of the four counts of the counterclaim set forth a claim based upon the aforementioned alleged representations. Counts one and three of the counterclaim allege fraud and breach of implied covenant of good faith and fair dealing, while counts two and four allege violations of the Connecticut Unfair Trade Practices Act (CUTPA).
Continental Bank has moved to strike this case from the jury list on the grounds that an action to foreclose a mortgage is equitable in nature and, therefore, does not give rise to a right to a jury trial. Continental Bank claims that the defenses filed by Willard Square are essentially equitable in nature and that, although the counterclaims are arguably legal in nature, they cannot transform the foreclosure action into an action at law.
A motion to strike is the proper vehicle for striking a case from the jury docket. Falk v. Schuster,171 Conn. 5, 7, 368 A.2d 40 (1976); CSB Financial Corp. v. Levy,3 Conn. L. Rptr. 503 (1991). When considering a motion to strike, the court is limited to the facts alleged in the pleadings. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
Article I, Section 19 of the Connecticut Constitution, as amended, states that "[t]he right of a trial by jury shall remain inviolate."
In Skinner v. Angliker, 211 Conn. 370, 374-75,559 A.2d 701 (1989) the court stated:
 [Connecticut] General Statutes 52-215
provides that as a matter of right "Civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity" should be entered on the docket as jury cases upon proper request [and] that . . . "all other special CT Page 3945 statutory proceedings, which, prior to January 1, 1880, were not triable by jury, "shall be tried to the court without a jury."
Connecticut courts have construed these provisions of the Connecticut Constitution and the Connecticut General Statutes to mean that if a claim asserted by a party would have entitled that party to a trial by jury in 1818, when the Connecticut Constitution was adopted, or is similar to a claim that would have given rise to right to a jury trial under the Connecticut Constitution when adopted, then that right remains intact. Skinner v. Angliker, 211 Conn. at 373-76.
At common law, legal claims were tried to a jury and equitable claims were tried by the court. Miles v. Strong,68 Conn. 273, 286, 36 A. 55 (1896); Dawson v. Town of Orange,78 Conn. 96, 100, 61 A. 101 (1905). Therefore, the right to a jury trial under Article I Section 19 of the Connecticut Constitution and Connecticut General Statutes 52-215 has not been extended to actions that are essentially equitable. Skinner v. Angliker, 211 Conn. at 373-74 (1989); Texaco Inc. v. Golart, 206 Conn. 454, 458, 538 A.2d 1017 (1988); Gluck v. Gluck, 181 Conn. 225, 228, 435 A.2d 35 (1980). The Court has also held that there is no right to a jury trial in an action to foreclose the mortgage, in view of the fact that such an action "is peculiarly equitable." Hartford Federal Savings and Loan Association v. Tucker, 196 Conn. 172, 175,491 A.2d 1084 (1985), Cert. denied, 474 U.S. 920 (1985); Savings Bank of New London v. Santaniello, 130 Conn. 206, 209, 33 A.2d 126
(1943); Beach v. Isacs, 105 Conn. 169, 176, 134 A. 787 (1926).
The right to a jury trial does not include a right to a jury trial in an equitable action. Texaco Inc. v. Golart, 206 Conn. 454, 458 (1988). In determining whether a cause of action is essentially legal or essentially equitable, courts must examine the pleadings in their entirety. Texaco Inc. v. Golart, supra at 459. Where "legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims." United States Trust Co. v. Bohart,197 Conn. 34, 45, 495 A.2d 1034 (1985). In Savings Bank of New London v. Santaniello, supra, the plaintiff brought an action to foreclose a mortgage. The defendant filed a cross claim (which the court treated as a counterclaim) for setoff CT Page 3946 for damages owed by the plaintiff as a result of actions unrelated to the mortgage and note. The trial court struck the case from the jury docket on its own motion. This action was affirmed by the Supreme Court. The Court stated that the defendant's right to file a setoff in the foreclosure action was based on equitable principles. It observed that the defendant "elected to come into equity and she should not now be heard to complain of her failure to secure a jury trial. Had this seemed so important to her, she could have brought an independent action." 130 Conn. at 211.
In Texaco Inc. v. Golart, supra, the plaintiff brought an action for specific performance of a fixed price purchase option. The defendant's counterclaim sought to invalidate the option clause of the contract by showing fraud in the inducement. The counterclaim sought to recover damages and attorneys fees. The court stated that "despite these claims, the essence of the defendants' counterclaim is that the plaintiff fraudulently induced the defendant to enter into the lease with the option clause." The Court held that the action was properly stricken from the jury list because it was essentially equitable in nature that the mere claim of damages did not change the essential character of the action from one at equity to one at law. 206 Conn. at 460.
In Connecticut National Bank v. 1234 Summer Street Limited Partnership, 3 Conn. L. Rptr. 44, (Lewis, J., January 7, 1991) defendant brought a counterclaim to the plaintiff's action to foreclose a mortgage, which alleged a breach of contract arising out of a claim that the plaintiff had agreed to "recast" the defendants' mortgage but never actually performed its agreement and that the defendant "sought no further financing from any other entity." The court granted the plaintiff's motion to strike the case from the jury list on grounds that the basic thrust of a foreclosure action is equitable in nature and the assertion of a counterclaim with legal cause of action should not be deemed to convert the case from its essential nature as an equitable action and thus entitle the counterclaiming defendant to a jury trial. The court relied in part on the decision of the Supreme Court of Rhode Island in Tilcom Gammino, Inc. v. Commercial Associates,570 A.2d 1102 (R.I. 1990) a case concerning the foreclosure of a mechanic's lien where the defendants asserted a legal counterclaim. The court in Tilcom stated: CT Page 3947
 A respondent opting to file a counterclaim in the equitable proceeding cannot then convert the equitable action filed by the petitioner. The respondents have the choice of proceeding in their counterclaim in the equitable proceeding or reserving the claim and bringing a separate suit for breach of contract at law. The respondents cannot assert that their rights to a jury trial are being denied when the option of filing an independent action is readily available to them.
In CSB Financial Corp. v. Levy, 3 Conn. L. Rptr. No. 20, 654 (Ryan, J., May 13, 1992) the defendants interposed a counterclaim and special defenses to an action to foreclose a second mortgage on their property. The special defenses and counterclaims alleged that the defendants received no consideration for her guarantee of the mortgage note and that she was forced to execute the guarantee and mortgage deed. It further alleged that the plaintiff violated its duties to act in good faith and breached its fiduciary duty to the defendants, that the plaintiff failed to notify them of its waiver of rights to payments, and that the plaintiff failed to protect collateral securing the original loan which violated the Connecticut Unfair Trade Practices Act. The counterclaims alleged that the mortgage was ineffective and of no force and effect as to the defendant guarantor and sought money damages, attorneys fees and additional relief. The plaintiff moved to strike the case from the jury docket. The court found that the special defenses alleging that one defendant received no consideration and was forced to execute the mortgage and the mortgage was ineffective were, essentially, a challenge to the proposed foreclosure and, therefore, equitable. It further found that all the counterclaims constituted legal claims challenging the guarantee. The court found that the action was essentially equitable and that the special defenses and counterclaims which stated legal claims regarding the guarantee were ancillary to the foreclosure action. Therefore, the court held that the defendants were not entitled to a jury trial.
In Northeast Savings, FA v. Plymouth Commons Realty Corp., 4 Conn. L. Rptr. #11 365 (Satter, J. July 29, 1991), the plaintiff brought an action to foreclose a mortgage and CT Page 3948 the defendant interposed equitable special defenses and legal counterclaims and filed a jury claim. The plaintiff moved to strike the jury claim. The counterclaims alleged, among other things, that the plaintiff violated the Connecticut Unfair Trade Practices Act by disclosing the defendants' financial information to second mortgagees, by failing to inform the defendant of receipts and expenditures from amounts deposited in a lock box and by conspiring with another lending institution to exert financial pressure on the defendant; that the plaintiff negligently and fraudulently dealt with lock box funds; and that the plaintiff breached a partnership agreement with the defendant excluding the defendant from control and management of the premises. The court denied a motion to strike the jury claim, finding that the defendants' counterclaim for violation of CUTPA, negligence and breach of contract were on an equal basis, and not ancillary to the plaintiffs' foreclosure action. Therefore, the equitable nature of the foreclosure action was not sufficient to defeat the defendants' right to a jury trial on the independent, and non-ancillary claims raised in the counterclaim.
In the present case all of the special defenses asserted by the defendant are equitable and are "in essence a challenge to the proposed foreclosure action and are, therefore, equitable." See CSB Financial Corp. v. Levy, supra. Unlike the defendants in Northeast Savings, supra, who asserted claims which constituted independent and distinct causes of action, the defendant here has merely recast the equitable defense of fraudulent misrepresentation concerning Note-A in a four count counterclaim. The same alleged misrepresentations form the basis of the claims of fraud, breach of covenant of good faith and fair dealing, and CUTPA violations in the counterclaim. Therefore, regardless of the fact that the counterclaim states legal causes of action, it is nonetheless merely ancillary to the foreclosure action in that it attacks the making and validity of one of the notes secured by the mortgages being foreclosed.
Based on the foregoing the Motion to Strike the defendants' claim for a jury and remove this case from the jury docket is granted.
By The Court Aurigemma, J. CT Page 3949