[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY DOCKET
This case involves the defendant's offering of prizes and awards through the use of a 1-800 telephone number advertised on postal cards mailed to Connecticut consumers, the telephone calls being charged to the caller's telephone bills at allegedly unfair rates.
The plaintiff's amended complaint, which contains eight counts, seeks an injunction, restitution, civil penalties, costs, and "such other relief as the Court deems appropriate," pursuant to General Statutes 42-110m (Connecticut Unfair Trade Practices Act, hereinafter "CUTPA"). Counts one, three, five and seven charge the defendant with various unfair and deceptive practices based on affirmative misrepresentations or failures to disclose, followed by counts claiming these actions were wilful. The plaintiff has moved to strike the present action from the jury docket on the grounds that it is "essentially equitable" and thus not triable to a jury.
The defendant opposes this motion, arguing that, although the plaintiff's amended complaint contains counts brought pursuant to CUTPA, the underlying allegations of the amended complaint sound in fraud, which is a common law cause of action, and thus triable to a jury.
The right to jury trial in civil actions is governed by the Connecticut constitution which states that "[t]he right of trial by jury shall remain inviolate" Conn. Const. Art. I,19. Statutory actions created since the adoption of the constitution of 1818, however, generally fall outside the provision that guarantees a trial by jury. Ford v. Blue Cross Blue Shield of Connecticut Inc., 216 Conn. 40, 49-51,578 A.2d 1054 (1990).
In Keeney v. Old Saybrook, 7 Conn. L. Rptr. No. 9, 264 (September 21, 1992) Wagner, Jr., we struck a claim for jury trial in an action by the State seeking relief for alleged violations of the State Water Pollution Act and the State Environmental Control Act of 1971. CT Page 10779
However, not all parties who bring actions pursuant to a statute are automatically precluded from a jury trial. In Skinner v. Angliker, 211 Conn. 370, 559 A.2d 710 (1989), the Connecticut Supreme Court set out the standard used to determine whether a party is entitled to a trial by jury:
 The constitution of Connecticut, article first, Section 19, states that "[t]he right of trial by jury shall remain inviolate." This particular provision of our constitution has been consistently. construed by Connecticut courts to mean that if there was a right to trial by jury at the time of the adoption of the provision, then that right remains intact. It is generally held that the right to trial by jury "exists not only in cases in which it existed at common law and at time of the adoption of the constitutional provisions preserving it, but also exists in cases substantially similar thereto . . . ."
Skinner v. Angliker, supra, 374-75. Thus, the right to a jury trial exists "both in cases in which it existed at common law at the time of the adoption of the constitutional provision preserving it and in cases substantially similar thereto." Ford v. Blue Cross Blue Shield of Connecticut, supra, 50.
The court in Skinner v. Angliker also noted that:
 "`Special statutory proceedings' cannot be construed under the constitutional provisions guaranteeing jury trials, to mean any cause of action whatsoever, simply because it is authorized by an enactment of the legislature. If it could, the legislature, by the process of giving legislative sanction to common law causes of action, could, in the course of time, obviate the guarantee of jury trial completely . . . ."
Skinner v. Angliker, supra, 375, quoting Swanson v. Boschen,143 Conn. 159, 164-65, (1956). Analysis is required in each CT Page 10780 case as to "whether the cause of action, not merely the relief requested, is essentially equitable or legal." Franchi v. Farmole, Inc., 191 Conn. 201, 211, (1983).
There is currently a split of authority in the Superior Court as to whether CUTPA claims are triable to a jury, and many of the decisions have been summarized in Crowley v. The Banking Center, 9 Conn. L. Rptr. 580 (September 20, 1993), Leheny, J.). which along with a majority of the decisions have permitted the jury claim to stand.
Other superior court judges have taken the approach of examining the relief requested and the allegations underlying the CUTPA claim to determine whether the CUTPA claim is only ancillary to an equitable cause of action. See State of Connecticut v. Waterhouse dba, 9 Conn. L. Rptr. No. 19, 587 (September 27, 1993) Walsh R.J.; Continental Bank v. Willard Square, 8 CSCR 513 (April 23, 1993, Aurigemma, J.); Connecticut National Bank v. 1234 Summer Street Limited Partnership, 3 Conn. L. Rptr. 33 (December 18, 1990, Lewis, J.).
The allegations in the present case allege affirmative misrepresentative or wilful failures to disclose, all of which sound in common law fraud which is a legal issue traditionally triable to a jury at common law.
Motion to Strike from Jury Docket Denied.
Assistant Attorney General Fishman for plaintiff.
Robinson Cole for defendant.