[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY DOCKET
On May 1, 1993, the plaintiff, New Milford Savings Bank, filed a five count complaint seeking to foreclose on a series of notes and mortgages issued to Nikita Zukov and Paula Zukov ("defendants").
On May 20, 1993, the defendants filed an answer. By way of three special defenses, the defendants allege that: (1) the plaintiff breached the covenant of good faith and fair dealing implied in the notes and loan documents; (2) the plaintiff, through false and fraudulent misrepresentations, induced the defendants to execute a series of mortgage modification agreements; and (3) the defendants are discharged from liability to the plaintiff because of the plaintiff's alleged breach of contract, false and fraudulent misrepresentations, and breach of the plaintiff's obligation of good faith and fair dealing.
By way of counterclaim, the defendants allege, inter alia, in the first count that the plaintiff misled them through false and fraudulent misrepresentations with regard to the cross-collateralization of certain properties.
The second count alleges that because of the fraudulent acts of the plaintiff, alleged in the first count of defendants' counterclaim, defendants were induced to execute a series of mortgage modification agreements.
The third count alleges that the plaintiff's actions constitute a violation of General Statutes, Sec. 42-110(g), the Connecticut Unfair Trade Practices Act (CUTPA). CT Page 11254
On September 28, 1993, the defendants filed a claim to the jury list and also filed a separate jury docket claim.
On October 4, 1993, the plaintiff filed a motion to strike the case from the jury docket on the ground that the case is a foreclosure action which is equitable in nature. The plaintiff filed a supporting memorandum of law. On December 3, 1993, the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike this case from the jury docket.
Practice Book, Sec. 282 provides:
 If in the opinion of the court a case or matter is improperly upon a trial or assignment list, it will be stricken from the list, or otherwise disposed of, at the discretion of the court. Cases may at any time, by order of the court, be placed upon either list.
A party can move that a case be stricken from the jury docket. See Falk v. Schuster, 171 Conn. 5, 7, 368 A.2d 40
(1976). "It is well settled that the right to a jury trial under article first, Sec. 19, of the Connecticut constitution, as amended, does not include a right to a jury trial in an equitable action." Texaco, Inc. v. Golart, 206 Conn. 454,458, 538 A.2d 1017 (1988). "`When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. [Citations omitted.]'" Whether an action is characterized as essentially legal or equitable depends upon an examination of the pleadings in their entirety. Id. "An action of foreclosure is peculiarly equitable. . . ." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172,175, 491 A.2d 1084 (1985).
In Continental Bank, N.A. v. Willard Square Associates II Limited Partnership, 8 CSCR 513 (May 24, 1993, Aurigemma, J.), the plaintiff, Continental Bank, sought to foreclose two mortgages executed by the defendant. The defendant asserted three special defenses alleging fraud, estoppel and unclean CT Page 11255 hands. Id. The defendant also brought a four count counterclaim setting forth claims based upon certain representations allegedly made by the plaintiff. The counterclaim alleged fraud, breach of the implied covenant of good faith and fair dealing, and CUTPA. The plaintiff moved to strike the case from the jury list on the grounds that a foreclosure action is equitable in nature and, therefore, does not give rise to a right to a jury trial. Id.
The plaintiff in Continental Bank argued that the defenses filed by the defendant were equitable in nature and that "although the counterclaims are arguably legal in nature, they cannot transform the foreclosure action into an action at law." Id.
In granting the plaintiff's motion to strike the case from the jury docket, the court in Continental Bank stated:
 In the present case all of the special defenses asserted by the defendant are equitable. . . . [T]he defendant here has merely recast the equitable defense of fraudulent misrepresentation concerning Note-A in a four count counterclaim. The same alleged misrepresentations form the basis of the claims of fraud, breach of covenant of good faith and fair dealing, and CUTPA violations in the counterclaim. Therefore, regardless of the fact that the counterclaim states legal causes of action, it is nonetheless merely ancillary to the foreclosure action in that it attacks the making and validity of one of the notes secured by the mortgages being foreclosed.
Id., 514.
See also Bank of Boston Connecticut v. R.R. P Development, Superior Court, Judicial District of Waterbury, No. 096286 (December 10, 1992, Sylvester, J.) (motion to strike case from jury docket granted where the essence of the plaintiff's claims and the majority of the defendant's counterclaims were equitable in nature); CSB Financial Corp. v. Levy, Judicial District of Stamford/Norwalk at Stamford, No. 098748 (April 25, 1991, Ryan, J.) (motion to strike from the jury docket is granted where the defendants' special CT Page 11256 defenses and counterclaims, though legal in nature, were ancillary to the foreclosure action).
In its supporting memorandum, plaintiff argues that based on the pleadings, it is clear that the instant action is one for foreclosure. Therefore, the court should grant the plaintiff's motion as the defendant should not be allowed to convert an equitable action into an action at law by their counterclaims.
Conversely, defendants argue in their opposition memorandum that the special defenses alleged, which arose out of the fraudulent acts of the plaintiff and its counterclaims, all arise out of a separate and distinct transaction from the original mortgages. The defendants claim that this transaction has been so intertwined with the mortgages by the plaintiff's subsequent attempts to cross-collateralize and modify the mortgages that they constitute a legal defense.
The allegations in the complaint state a cause of action which is equitable in nature. The special defenses alleging false and fraudulent misrepresentation, breach of the covenant of good faith and fair dealing, and breach of contract, are in essence a challenge to the proposed foreclosure and are therefore essentially equitable in nature. Finally, as in Continental Bank v. Willard Square, supra, the same alleged fraudulent misrepresentations which formed the basis of the defendants' special defenses in the instant action also serve to form the basis of the claims of fraud, the breach of the covenant of good faith and fair dealing, and CUTPA violations in the counterclaim. The defendants admit as much in their opposing memorandum, stating that their special defenses and counterclaims all arise out of a separate and distinct transaction from the original mortgages. Therefore, even if the defendants' special defenses and counterclaims state legal causes of action, they are merely ancillary to this foreclosure action. Based on the foregoing, the plaintiff's motion to strike the case from the jury docket is granted.
Stodolink, J.