[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED SEPTEMBER 19, 1995
The issue in this motion is whether service upon the town of Manchester, in a real estate tax appeal, may be made upon the town clerk at his place of abode.
The basis of the defendant's motion to dismiss is that service of process against the town of Manchester can only be made by serving the town clerk at the municipal offices. The defendant claims that the place of abode of the clerk is not the place of abode of the town.
Appeals from decisions of the board of tax review, as in this case, are "served and returned in the same manner as is required in case of a summons in a civil action." General Statutes §12-117a.
General Statutes § 52-57(a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."
Subsection (b) of § 52-57 provides that "the following — described classes of defendants shall be served as follows: (1) against a town, upon its clerk or assistant clerk or upon its mayor or manager. . ."
Since § 52-57(b) provides for the manner of service of process, as in this case, service upon the town clerk of the town of Manchester is the appropriate method to use in order to comply with the statute. Grayson v. Wofsey, Rosen, Kweskin Kuriansky,40 Conn. Sup. 1, 2, 478 A.2d 629 (Super Ct. 1984). In accordance CT Page 10074-A with § 52-57(a), service must be made either on the town clerk personally or at his or her "usual place of abode." Id., 3.
The basic purpose of service of process is to confer jurisdiction and to give notice of the pending action. Gluck v.Gluck, 181 Conn. 225, 226, 435 A.2d 35 (1980). "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice." Id., citing Smith v. Smith, 150 Conn. 15, 20, 183 A.2d 848 (1962).
Subsection (b) of § 52-57 simply provides that service upon a town shall be made upon certain town officials. Subsection52-57(b) does not provide that service shall be made at the town offices. The defendant reads into § 52-57(b) this additional requirement. "Courts must apply enactments according to their plain terms, and cannot read into a statute something that is not there." Kilpatrick v. Board of Education, 206 Conn. 25, 28,535 A.2d 1311 (1988); see also Berry v. Loiseau, 223 Conn. 786, 831,614 A.2d 414 (1992). We are entitled to presume that if the legislature intended that the officers enumerated in § 52-57(b) be served only at the town offices, language to that effect would appear in the statute. See Continental Ins. Co. v.Cebe-Habersky, 214 Conn. 209, 213, 571 A.2d 104 (1990). We decline to read into the statute a limitation upon service where the legislature did not expressly provide for such a limitation.
Based on these authorities, we conclude that, pursuant to § 52-57(b), the town clerk, as the town's designee for the purposes of service of process, may be served either personally or at the place of abode of the town clerk.
Accordingly, the defendant's motion to dismiss is denied.
Aronson, J.