[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET
On October 4, 1994, the plaintiff, Centerbank, initiated a foreclosure action against the defendants, Phillip R. Fazzone and Adelaide B. Fazzone, alleging that the defendants had defaulted on a $4,000,000 note guaranteed by the defendants and secured by a mortgage on real property owned by the defendants. On March 25, 1995, the defendants filed an answer and asserted five special defenses including (1) payment; (2) the plaintiff lacks standing; (3) the defendants request a marshalling of the assets; (4) breach of the obligation of good faith and fair dealing; and (5) exemption of collateral pusuant [pursuant] to statute.
The defendants claimed the case to the jury trial list on March 22, 1995. The plaintiff now moves to strike the case from the jury docket pursuant to Practice Book § 282 and has filed a memorandum of law in support of the motion to strike. The defendants have filed a memorandum in opposition to the plaintiff's motion to strike from the jury docket.
The issue of whether to strike a case from the jury docket arises frequently in foreclosure actions. The Supreme Court inHartford Federal Savings Loan v. Tucker, 196 Conn. 172, 175,491 A.2d 1084 (1985), cert. denied, 474 U.S. 920 (1985), has held that there is no right to a jury trial in an action to foreclose a mortgage, as such action is "peculiarly equitable." ContinentalBank v. Willard Square, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 389097, 8 CSCR 513
(April 23, 1993, Aurigemma, J.).
It is noted, however, that defendants to actions to foreclose a mortgage frequently assert counterclaims which are legal in nature and the issue becomes whether such claims convert the action from an essentially equitable one to an essentially legal one which entitles the counterclaiming defendant to a jury trial. See Connecticut National Bank v. 1234 Summer Street, L.P.,
Superior Court, judicial district of Stamford-Norwalk at Samford, Docket No. 109065, 3 Conn. L. Rptr. 33 (December 18, 1990, Lewis, J.) (granted motion to strike finding that defendant's breach of contract claims did not change the essentially equitable nature of the foreclosure action); Continental Bank v. Willard Square,
supra, 8 CSCR 513 (April 23, 1993, Aurigemma, J.) (since defendant merely recast the equitable defense of fraudulent misrepresentation into a four count counterclaim, claims are ancillary to foreclosure action); CBS Financial Corp. v. Levy,
CT Page 12033 Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 098748, (April 25, 1991, Ryan, J.) (court granted motion to strike, finding that special defenses and counterclaims alleging breach of implied covenant of good faith and fair dealing and CUTPA violations were essentially a challenge to proposed foreclosure and therefore equitable).
The Connecticut Supreme Court has set forth the following standards which are used to determine whether a party is entitled to a trial by jury: "The constitution of Connecticut, article first, 19, states that `[t]he right of trial by jury shall remain inviolate.' This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. . . . It is generally held that the right to a jury trial exists not only in cases in which it existed at common law and at the time of adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto. . . . At common law, legal claims [were] tried by a jury, [and] equitable claims and equitable claims [were] tried by a court. . . . Equitable actions, therefore, are not within the constitutional guarantee of trial by jury. (Citations omitted; Internal quotation marks omitted.) Skinner v. Angliker, 211 Conn. 370, 373-74,559 A.2d 701 (1989).
"General Statutes 52-215 provides that: as a matter of right civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity" should be entered on the docket as jury cases upon proper request. Section 52-215 goes on to state that certain enumerated actions and all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury, shall be tried to the court without jury." (Internal quotation marks omitted.) Skinner v. Angliker, supra, 211 Conn. 374-75.
"[I]n determining whether a party has a right to a trial by jury under the state constitution and 52-215, the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail CT Page 12034 that right either directly or indirectly." Id. at 375-76.
In the present case, the defendants argue that the special defenses alleged are legal in nature and not equitable thereby requiring a jury trial. Matters pleaded as special defenses are those matters which ". . . are consistent with such statements [alleged in the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action . . ." Practice Book § 164. For example "accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality . . ., non-compos mentis, payment, release, the statute of limitations, and res adjudicata . . ." Practice Book § 164. Matters such as these are such an integral part of the efficacy of the cause of action that their existence defeats the cause of action by operation of law. Counterclaims, on the other hand are independent causes of action. See Home Oil Co. v. Todd, 195 Conn. 333, 341,487 A.2d 1095 (1985).
The defendants' argument is defeated by the essentially equitable nature of the special defenses. "There is no right to a jury trial in an equitable action. Franchi v. Farmholme, Inc.,191 Conn. 201, 209-10, 464 A.2d 35 (1983); Meriden Savings Bankv. McCormack, 79 Conn. 260, 262, 64 A. 338 (1906). The defendants, however, claim to have raised . . . issues of law that require determination by a jury. When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. Doris v. McFarland, 113 Conn. 594, 608, 156 A. 52
[1931]. Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . . " (Citations omitted; Internal quotation marks omitted.) UnitedStates Trust Co. v. Bohart, 197 Conn. 34, 44-5, 495 A.2d 1034
(1985). See also Northeast Savings, F.A. v. Plymouth CommonsRealty, 229 Conn. 634, 495 A.2d 1034 (1994) (upheld trial court's denial of motion to strike, finding counterclaim for CUTPA, negligence, and contract breach were on an equal basis and not ancillary foreclosure claim). In the present action, the specialdefenses raised are ancillary to the foreclosure claim and therefore on an equal basis to the foreclosure action. In CT Page 12035 addition, the special defenses are, in essence, a challenge to the foreclosure action and are therefore equitable. As such, the motion to strike from the jury docket is granted.
The defendants also argue that they are entitled to a jury trial with respect to the potential deficiency judgment. This argument is without merit because the present action is not an action for a deficiency judgement, which might well entitle the defendants to a jury trial, but is instead a foreclosure action. For the reasons discussed above, the motion to strike is granted.
PICKETT, J.