[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE FROM THE JURY DOCKET (#128)
CT Page 14434
BACKGROUND
On remand from the Supreme Court, the defendant moves to strike the case from the jury docket on the ground that there is no right to a jury trial in an inverse condemnation action.[1]
The facts, as stated by the Supreme Court, are as follows: "[T]he plaintiff owns land with a building, other structures and improvements in Groton. The building is more than twenty years old and was used as a car repair garage and gasoline service station since before the area was zoned residential by the defendant town. Three underground gasoline storage tanks are also located on the property. The car repair use of the building was abandoned in 1979. The remainder of the building continues to be used to sell gasoline and, to a limited extent, snacks and sundries.
"To comply with environmental laws and regulations, the plaintiff's property requires substantial upgrading. To offset the costs of these improvements, the plaintiff applied to the [defendant's] zoning board of appeals for a variance to the zoning regulations so that the [existing] nonconforming use of the property could be expanded to include a convenience store, as well as the existing gasoline service station. The [board] denied the plaintiff's application after a hearing. The plaintiff appealed the board's decision regarding its variance application to the Superior Court." (Internal quotation marks omitted.)Cumberland Farms, Inc. v. Groton, 247 Conn. 196, 198,719 A.2d 465 (1998).
"On September 5, 1996, the plaintiff filed [a separate] amended complaint, claiming inverse condemnation of the property and seeking damages and other compensation, pursuant to the fifth
and fourteenth amendments to the United States constitution,[2]
as well as article first, § 11 of the Connecticut constitution."[3] Id., 199. "In its inverse condemnation action, the plaintiff seeks compensation for an alleged taking of its property without just compensation. . . . Specifically, the plaintiff maintains that the board's denial, pursuant to the defendant's zoning regulations, of the variance application operated to deprive the plaintiff of any economically feasible, reasonable use of its property." Id., 202. The plaintiff seeks CT Page 14435 damages, interest, costs including appraisal fees and other relief as the court may deem appropriate.
The defendant filed an answer and three special defenses on April 12, 1999. On June 17, 1999, the plaintiff filed a reply to the special defenses, a certificate of closed pleadings, and a claim for jury. On June 28, 1990, the defendant filed a motion to strike the jury claim on the ground that an action for inverse condemnation is equitable in nature and does not give rise to a jury trial. The defendant has filed a memorandum in support of its motion, and the plaintiff has filed a memorandum in opposition. At the request of the court, each party has filed an additional supplemental. memorandum of law to address the issues raised by Monterey v. Del Monte Dunes, Ltd., 119 S.Ct. 1624,143 L.Ed. 882 (1999).
 DISCUSSION
The defendant seeks to strike the case from the jury docket on the ground that, because an action for inverse condemnation is equitable in nature, there is no right to a jury trial. The plaintiff argues that this court should follow the opinion of the United States Supreme Court in Monterey v. Del Monte Dunes, Ltd., supra, 119 S.Ct. 1624, and resolve the issue in favor of a right to a jury trial.
"Inverse condemnation should be distinguished from eminent domain. Eminent domain refers to a legal proceeding in which a government asserts its authority to condemn property. . . . Inverse condemnation is a shorthand description of the manner in which a landowner recovers just compensation for a taking of this property when condemnation proceedings have not been instituted." (Internal quotation marks omitted.) Melillo v. New Haven,249 Conn. 138, 142 n. 7, A.2d ___ (1999) "Connecticut has no statutory vehicle by which to obtain compensation for a regulatory taking and, therefore, a common-law inverse condemnation action is the sole method by which the plaintiff may be compensated if the board's denial of its application for a variance constitutes a taking." Cumberland Farms, Inc. v. Groton, supra, 247 Conn. 217. In an inverse condemnation action, "[t]he only inquiry is whether a taking has, in fact occurred. If the board's action resulted in a taking, the inverse condemnation action will determine the amount of compensation due." Id., 208.
Both the United States and Connecticut constitutions contain CT Page 14436 provisions guaranteeing a right to a jury trial. See U.S. Const., amend. VII; Conn. Const., art. I, § 19. But "[t]heseventh amendment to the United States constitution applies only in federal courts." Gluck v. Gluck, 181 Conn. 225, 227, 435 A.2d 35
(1980). Consequently, whether there is a right to a jury trial in a state court proceeding is a question of Connecticut law.
The standard for determining whether a party is entitled to a trial by jury under the state constitution is well-settled. "The constitution of Connecticut, article first, § 19, states that `[t]he right of trial by jury shall remain inviolate.' This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. . . . It is generally held that the right to a jury trial exists not only in cases in which it existed at common law and at the time of the adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto. . . . Equitable actions, therefore, are not within the constitutional guarantee of trial by jury." (Citations omitted; internal quotation marks omitted.)Skinner v. Angliker, 211 Conn. 370, 373-74, 559 A.2d 701 (1989). "If the action existed at common law and involved a legal remedy, the right to a jury trial exists. . . ." Id., 376. Whether the plaintiff has a right to a jury trial depends, therefore, on whether inverse condemnation is characterized as a legal or equitable action under Connecticut law.
The plaintiff argues that the issue has already been decided in Monterey v. Del Monte Dunes, Ltd., supra, 119 S.Ct. 1624, and that the rule announced by the United States Supreme Court in that case should control. In that case, the Supreme Court held that a right to a jury trial does exist under theseventh amendment of the United States Constitution in an action for inverse condemnation brought under 42 U.S.C. § 1983. For a number of reasons, however, the rule announced in that case does not apply to the present controversy.
First, the Supreme Court's opinion is based on theseventh amendment to the United States constitution. As previously stated, that amendment does not apply to state court proceedings. The courts of this state, therefore, need not reach the same conclusion as the United States Supreme Court on this issue.[4]
Second, the action in Monterey was not an ordinary inverse CT Page 14437 condemnation action, but was brought instead under 42 U.S.C. § 1983. Id., 1631. The holding in that case was expressly limited to actions brought under that section: "We do not address the jury's role in an ordinary inverse condemnation suit. The action here was brought under § 1983, a context in which the jury's role in vindicating constitutional rights has long been recognized by the federal courts." Id., 1644. Indeed, the Supreme Court's main justification for finding a right to a jury trial in was that "42 U.S.C. § 1983 creates a species of tort liability . . . [compelling] the conclusion that a suit for legal relief brought under the statute is an action at law." Id., 1638. The opinion of the Supreme Court therefore does not directly address the question of whether there is a right to a jury in an ordinary inverse condemnation action.
Third, the opinion in Monterey contradicts Connecticut law as to the nature of the remedy in an inverse condemnation action. According to the United States Supreme Court, "[e]ven when viewed as a simple suit for just compensation, we believe Del Monte Dunes' action sought essentially legal relief. We have recognized the general rule that monetary relief is legal. . . . Just compensation, moreover, differs from equitable restitution and other monetary remedies available in equity, for in determining just compensation, the question is what the owner lost, not what the taker gained. . . . As its name suggests, then, just compensation is, like ordinary money damages, a compensatory remedy. The Court has recognized that compensation is a purpose traditionally associated with legal relief." Id., 1639.
This state's Supreme Court has reached the opposite conclusion regarding the nature of just compensation. It is well-established that the "question of what is just compensation is an equitable one rather than a strictly legal or technical one." Alemany v.Commissioner of Transportation, 215 Conn. 437, 444, 576 A.2d 503
(1990); see also Citino v. Redevelopment Agency of the City ofHartford, 51 Conn. App. 262, 283, 721 A.2d 1197 (1998).
Furthermore, under Connecticut law the question of whether a taking has occurred is a question for the court to determine. "A determination of whether a taking has occurred is fact bound, and, therefore, is particularly within the province of the trial court as a finder of fact, and particularly subject to a case-by-case analysis." D'Addario v. Planning ZoningCommission, 25 Conn. App. 137, 148, 593 A.2d 511 (1991). CT Page 14438
 CONCLUSION
Because the seventh amendment of the United States constitution does not apply to proceedings in state court, the holding in Monterey v. Del Monte Dunes, Ltd., supra,119 S.Ct. 1624, is not controlling with respect to the present controversy. Under Connecticut law, whether a taking has occurred is a question for the court as finder of fact, and just compensation is an equitable remedy. Accordingly, there is no right to a jury trial in an inverse compensation action. The defendant's motion to strike from the jury docket is granted.
D. Michael Hurley Judge Trial Referee