[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO VACATE
On December 27, 2001, the plaintiff caused to be filed a motion to vacate the court's order of August 16, 2001, granting the defendant a modification of the plaintiff's alimony judgment. In his motion the plaintiff alleges that the court lacked in personam jurisdiction to enter its order of modification.
The court finds as follows:
1. The defendant filed a motion for modification which was served by the Marshal on July 25, 2001, and scheduled for hearing on August 16, 2001.
2. Service by the Marshal was abode service.
3. The defendant representing himself and without the plaintiff being present proceeded on August 16, 2001, on his motion for modification.
4. The court held a hearing and granted the defendant's motion for modification reducing the amount of alimony from $100 per week to $10.00 per week effective from the date of service by the Marshal.
5. The plaintiff was in Scottsdale, Arizona at the time of service of the motion.
6. The plaintiff first learned of the court's modification on or about September 2, 2001, when she examined the court file.
7. On September 13, 2001, the plaintiff filed a motion for modification seeking an increase in the order of alimony "back to $100 or more per week." This motion was served by the Marshal on September 17, 2001, and scheduled to be heard on October 11, 2001.
8. On September 17, 2001, the plaintiff filed a motion for contempt alleging that the plaintiff is in contempt for failure to pay alimony in July and August, 2001. This motion was also served by the Marshal on September 17, 2001, with a hearing date scheduled for October 11, 2001.
9. On October 5, 2001, Attorney Stuart Sheiman entered his appearance for the plaintiff. CT Page 3694
10. The defendant appeared on October 11 but the plaintiff and her attorney did not appear.
11. The order of the court on August 16 provided that alimony was to be reduced to $10.00 per week until November 1, 2001, at which time the court will reconsider the motion.
12. On November 1, 2001, the parties appeared before the Hon. Julia DiCocco Dewey, and the parties proceeded upon the plaintiff's and the defendant's motions for modification. The hearing did not conclude and was continued to November 28.
13. On November 28, further proceedings were held before Judge Dewey.
14. On December 28, 2001, the plaintiff filed a motion to vacate the order of alimony entered on August 16 alleging that the court lacked in personam jurisdiction because the motion was effectuated by abode service.
15. Service of the defendant's motion for modification on July 25, 2001, was in accordance with the provisions of § 52-54 of the General Statutes. Abode service is sufficient service as long as service has been made at the usual place of abode of the party served. Smith v. Smith, 150 Conn. 15 (1962); Gluck v. Gluck, 181 Conn. 225 (1980); also see P.B. § 25-6 and P.B. § 10-13. Abode service was made at the plaintiff's usual place of abode.
By her motion to modify dated September 13, the plaintiff recognized the modification of judgment entered by the court on August 16. In that motion the plaintiff sought a modification of the $10.00 per week order entered on August 16 back to the original order of $100 per week.
Further, the plaintiff, by undertaking the cross-examination of the defendant in the hearings held before Judge Dewey on November 1 and November 28, acknowledged the jurisdiction of the court. The motion to vacate is, therefore, denied.
The court, however, does observe an error by the court in making its order of August 16 retroactive to the date of service of the motion. The court should have made the order effective upon notice to the plaintiff. That date as found by the court was September 2, 2001. There is, therefore, an arrearage due the plaintiff for the period July 28 to September 2, 2001, less the amounts paid by the defendant during that period. The court computes that arrearage to be $540 (July 28 was a Saturday, there were four Saturdays in August and one in September for a total of $600 less that paid by the defendant — $60.00 — for CT Page 3695 a net of $540.00). This arrearage shall be paid by the defendant to the plaintiff by an additional amount of ten dollars ($10.00) per week until fully paid. The terms of payment on the arrearage may also be re-examined on defendant's motion for modification.
This matter shall be calendared by the Caseflow Coordinator for continued hearings of both motions. Until the motions have been heard and determined, the order for $10.00 per week alimony and $10.00 per week on the arrearage shall remain in full force and effect.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE