[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO STRIKE DEFENDANTS' SPECIAL DEFENSES AND COUNTERCLAIMS)
On December 9, 1992, the plaintiff, Federal Deposit Insurance Corporation as Receiver of Community National Bank ("FDIC"), filed a three count amended complaint against defendants Ira Blonder and Vera Blonder ("Blonders"). In the CT Page 4271 first count, the FDIC alleges that the Blonders promised to pay Community National Bank ("CNB") the principal sum of $343,000.00 plus interest as evidenced by a note dated December 22, 1987 and secured by a Construction Mortgage Deed, executed on December 3, 1987, on certain real estate in Hebron. The FDIC alleges that it redeemed the Hebron property on its assigned law day in another foreclosure action relative to the same property. The FDIC claims that the value of the property, to which it now holds title, does not satisfy the Blonders present indebtedness on the note and seeks a deficiency judgment in addition to the amount paid to redeem the property. In the second count, the FDIC alleges that, after it took title to the Hebron property, the Blonders wrongfully took equipment, fixtures, appliances and other personalty therefrom. The FDIC alleges that the Blonders' actions constitute theft entitling it to treble damages under Connecticut General Statutes section52-564. In the third count, the FDIC alleges conversion of the same personalty.
On January 20, 1993, the defendants' filed a corrected revised answer, two special defenses and a five count counterclaim.
In the first special defense, the Blonders assert that CNB agreed to inspect the progress of construction, prior to making disbursements of the loan, to ensure that each payment was justified in light of the progress and quality of work. The Blonders assert that CNB failed to inspect, or did so negligently, and was therefore in default of its obligations to the Blonders which resulted in CNB making unjustified disbursements. In the second special defense, the Blonders assert that at the time CNB closed on the subject mortgage it was "understood and agreed" that, although the Blonders were taking a non-amortizing mortgage at a high interest rate, CNB would provide a permanent amortizing mortgage at a lesser interest rate when construction was complete. The Blonders assert that the lower interest mortgage could not later be provided because CNB made unjustified disbursements to American Home Builders, Inc. ("American") who filed a mechanics' lien on the property before construction was complete.
In the first count of the counterclaim, the Blonders allege that CNB breached its fiduciary duty to them because CT Page 4272 CNB knew the Blonders intended to obtain the lower interest mortgage yet did not obtain mechanics' lien waivers from American prior to making disbursements on the loan. The Blonders argue that CNB's failure to obtain lien waivers prevented them from obtaining the lower interest mortgage. In the second count of the counterclaim, the Blonders allege that CNB was negligent in failing to obtain lien waivers prior to making disbursements of the loan. In the third count of the counterclaim, the Blonders allege malpractice, and in the fourth count, the Blonders allege the negligent or unintentional infliction of emotional distress. In the fifth count of the counterclaim, the Blonders allege that, as part of the loan agreement, CNB agreed to inspect the premises prior to making disbursements. The Blonders allege that CNB failed to inspect, or did so negligently, so that it made unjustified payments for substandard construction for which the Blonders claim damages.
On February 11, 1993, the plaintiff filed a motion to strike the defendants' two special defenses, five counterclaims and prayer for attorney's fees together with a memorandum of law. On March 10, 1993, the defendant filed an objection to the plaintiff's motion to strike and a memorandum of law in opposition to which the plaintiff filed a reply memorandum on March 29, 1993.
DISCUSSION
A motion to strike is the proper vehicle to challenge the legal sufficiency of a special defense. Practice Book Section 152(5). In ruling upon a motion to strike, the Court is limited to the facts alleged in the pleading which is the subject of the motion to strike, and must view those facts in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); Ferryman v. Groton, 212 Conn. 138, 146,561 A.2d 432 (1989).
In the memorandum in support of its motion to strike, the FDIC argues that the two special defenses and each of the five counts of the counterclaim are barred by the common-law D'Oench Duhme doctrine, as codified in 12 U.S.C. § 1823(e), and are therefore legally insufficient as a matter of law.
Pursuant to the common-law D'Oench Duhme doctrine, as CT Page 4273 codified in 12 U.S.C. § 1823(e), the defendants are barred from defending or counterclaiming in any action by the FDIC as receiver based upon any unrecorded agreement separate from the note. See Connecticut Bank Trust Co., v. Lee,7 CSCR 1137 (October 19, 1992, Ryan, J.) To do so, the pleader must allege that the agreement is in writing, was executed contemporaneously with the acquisition of the asset by the bank, was approved by the bank's board of directors or loan committee and is an official record of the bank since the date of execution. 12 U.S.C. § 1823(e).
In the present case, the Blonders have not alleged the requisite elements under Section 1823(e) to enable them to defend or counterclaim on an agreement separate from the note. Accordingly, because the defendants' first and second special defenses and first and fifth counts of the counterclaim are based on unrecorded agreements, separate from CNB's obligations on the note, the plaintiff's motion to strike is granted as to the defendants first and second special defenses and the first and fifth counts of the counterclaim. The first special defense and fifth count of the defendants' counterclaim rely on an alleged unrecorded agreement that CNB would inspect the premises prior to making disbursements. The second special defense and first count of the defendants counterclaim rely on the alleged unrecorded agreement that CNB had agreed to provide a lower interest amortizing loan upon the completion of construction. Because the defendants failed to allege the requisite elements under section 1823(e), with regard to the alleged agreements, the defendant is barred from defending or counterclaiming on those grounds which renders each insufficient as a matter of law under the D'Oench Duhme doctrine and 12 U.S.C. § 1823(e).
Because the second, third and fourth counts of the defendants' counterclaim, which allege negligence, malpractice and negligent or unintentional infliction of emotional distress respectively, are not based upon an alleged unrecorded side agreement but rather are based upon CNB's actions with regard to the note itself, the D'Oench Duhme doctrine and 12 U.S.C. § 1823(e) are inapplicable.
The FDIC also challenges the legal sufficiency of the fourth count of the defendants' counterclaim which alleges the unintentional or negligent infliction of emotional distress. Therein, the Blonders allege that CNB's failure to CT Page 4274 obtain lien waivers from American, failure to require certificates of title and lien waivers, failure to assure the execution of relevant documents at closing and failure to take steps to require the substitution of a bond for CNB's lien constitutes extreme and outrageous conduct. The Blonders allege that CNB knew or should have known emotional distress was likely to result from its conduct which, the Blonders claim, did cause them severe emotional distress.
The FDIC argues that the fourth count of the defendants' counterclaim is legally insufficient because the Blonders failed to allege that CNB should have realized that its conduct involved an unreasonable risk of causing emotional distress which might or did result in bodily harm. The defendants in turn, argue that the plaintiff was apprised of the nature of their claim and that the counterclaim is sufficient under current case law.
The Court finds that the fourth count of the defendants' counterclaim is legally insufficient and should therefore be stricken. The Connecticut Supreme Court has held that:
 "to sustain a cause of action for negligent infliction of emotional distress, the plaintiff must plead and prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it was caused, might result in illness or bodily harm."
Montinieri v. Southern New England Telephone Co., 175 Conn. 337,345, 398 a.2d 1180 (1978).
The fourth count of the defendants' counterclaim does not allege that CNB should have realized its conduct involved an unreasonable risk of causing emotional distress or bodily harm. It is, therefore, legally insufficient. The case cited by the defendant Buckman v. Peoples Express, Inc.,205 Conn. 166, 173, 530 A.2d 596 (1987), is fact specific and does not alter the pleading requirement for such a claim and is therefore distinguishable from the present case. See Buckman v. Peoples Express, supra, 173; Cf, Morris v. Hartford Courant Co., 200 Conn. 676, 684, 513 A.2d 66 (1986).
The FDIC also moves to strike the defendants' prayer for CT Page 4275 relief which seeks attorney's fees. The FDIC argues that the Blonders have no legal entitlement to attorney's fees because attorney's fees are not recoverable as an element of damages unless such recovery is allowed by statute or contract. The Blonders argue that the case of Fullerton v. McGowan, 6 Conn. App. 624,631, 507 A.2d 473 (1986) provides an exception to the above stated rule and a basis upon which they claim attorney's fees.
The Fullerton case is, however, distinguishable. In Fullerton, the Appellate Court awarded attorney's fees for the defense of a foreclosure action in a later specific performance action because the plaintiff was forced to defend the foreclosure action to protect its interest in the property due to the defendants' breach of contract.
In the present case, even if the Blonders were forced to defend the foreclosure action brought by American Home Builders, due to CNB's breach of contract, the Blonders' claim for attorney's fees is not limited to fees incurred in that action, as was the award in Fullerton, supra, and, therefore, the prayer for attorney's fees does not fit within the Fullerton exception.
Accordingly, the claim for counsel fees by the defendants in their counterclaim is stricken.
CONCLUSION
The plaintiff's motion to strike the defendants' first and second special defenses and first and fifth count of the counterclaim is granted pursuant to the common-law D'Oench Duhme doctrine, as codified in 12 U.S.C. § 1823(e).
The plaintiff's motion to strike the fourth count of the defendants' counterclaim and prayer for attorney's fees is granted as each is legally insufficient.
The plaintiff's motion to strike the second and third counts of the defendant's counterclaim is denied.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court CT Page 4276