[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
The plaintiff, Federal Deposit Insurance Corporation ("FDIC"), as receiver for Housatonic Bank and Trust ("HBT"), commenced this action on October 18, 1993, seeking foreclosure of a mortgage executed by the defendant, Raymond Sadlik. On December 2, 1993, the defendant filed an answer and two special defenses. The defendant alleges, in his special defenses, that:
 1) The plaintiff's predecessor (Housatonic Bank and Trust Company) engaged in deficient lending practices in that it did not fully inform the defendant as to all the material facts and risks associated with and regarding the loan documents at issue; and
 2) The plaintiff has not accurately computed the amount (if any) due and owing under said note and has willfully overcharged the defendant.
On January 28, 1994, the plaintiff filed a motion to strike the first and second special defenses, accompanied by a memorandum of law. On February 9, 1994, the defendant filed a memorandum of law in opposition to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985); Practice Book 152. The motion to strike admits all facts well-pleaded. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos, supra. The court must construe the facts in the pleading most favorably to the nonmovant. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 3237 170, 544 A.2d 1185 (1992).
In its memorandum of law, the FDIC argues that both the first and the second special defenses are legally insufficient because neither is recognized as a valid defense to a foreclosure action. In addition, the plaintiff argues that the defendant's first special defense is legally insufficient, to the extent that it is a claim based upon a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a, because CUTPA does not apply to banking institutions, such as HBT, and by implication, no the FDIC as receiver. The plaintiff argues further that the defendant's first special defense is legally insufficient under the D'Oench Duhme Doctrine, as codified under 12 U.S.C. § 1823
(e)
Since the defendant does not allege any CUTPA violation in the first special defense, this memorandum, therefore, will not address the plaintiff's argument based on CUTPA.
The D'Oench Duhme Doctrine, as codified in 12 U.S.C. § 1823(e), provides that:
 No agreement tending to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired by it under this section of section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.
"Both D'Oench and 1823(e) have been applied numerous times to effectuate the public policy interest in not enforcing `secret agreements' against the FDIC when it is carrying out it statutorily-mandated duties to protect depositors." Howell v. Continental Credit Corp., 655 F.2d 743, 746 (7th Cir. 1981). "Fundamentally, D'Oench attempts to ensure that FDIC examiners can accurately assess the condition of a bank based on its books." Bowen v. FDIC, 915 F.2d 1013, 1016 (5th Cir. 1990). "The doctrine CT Page 3238 means that the government has no duty to compile oral histories of the bank's customers and loan officers." Id.
The defendant maintains that the D'Oench Duhme Doctrine is inapplicable to the present case, because the first special defense is based not on any unrecorded side agreement, but rather on the very agreement being used by the plaintiff to enforce the loan. "When the enforcement of a separate collateral or secret agreement would alter the terms of an asset acquired by the FDIC so that the FDIC's right, title, or interest in the asset would be defeated or diminished, 1823(e) comes into play." Riverside Park Realty v. FDIC, 465 F. Sup. 305, 313 (M.D.Tenn. 1978). "When, however, the asset upon which the FDIC is attempting to recover is the very same agreement that the makers allege has been breached by the FDIC's assignors, 1823(e) does not apply." (Emphasis in original.) Id. Thus, the D'Oench Duhme Doctrine is not applicable when the defendant does not assert a separate side agreement to defeat the rights of the FDIC. Resolution Trust Corporation v. Oaks Apartments Joint Venture, 753 F. Sup. 1332 (N.D.Tex. 1990) (defendant was not precluded by D'Oench Duhme from asserting the limitation of individual liability under note); Connecticut Bank Trust Company v. Lee, 7 CSCR 1137, 1138 (September 4, 1992, Ryan, (defendant was not precluded by D'Oench Duhme from alleging that the FDIC engaged in unfair and deceptive trade practices, without mentioning any side agreement).
In his first special defense, the defendant alleges that HBT engaged in deficient lending practices. The plaintiff's motion to strike the defendant's first special defense is not based on any unrecorded side agreement between HBT and the defendant. Rather, the defendant's first special defense is based upon the actions of HBT in not fully informing the defendant as to all the material facts and risks associated with and regarding the loan documents which the FDIC is using to foreclose on the mortgage. Therefore, the plaintiff's motion to strike the defendant's first special defense on the ground that it is legally insufficient under the D'Oench Duhme Doctrine and 12 U.S.C. § 1823 (e) is denied.
The defendant maintains further that a foreclosure action is an equitable proceeding, and thus the trial court should consider all relevant circumstances in determining whether to grant the foreclosure remedy. Connecticut has recognized accident, mistake and fraud as valid defenses to a foreclosure action. Boretz v. Segar, 124 Conn. 320, 324, 199 A.2d 548 (1938). "An action of foreclosure is peculiarly equitable and the court may entertain all CT Page 3239 questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v. Keyes, 125 Conn. 227, 231, 5 A.2d 1 (1939). The court, therefore, may grant "relief to a mortgagor who can prove that equitable circumstances require withholding of foreclosure or a reduction of the stated indebtedness." Olean v. Treglia, 190 Conn. 756, 771,463 A.2d 242 (1983).
In the first special defense, the defendant alleges that HBT engaged in deceptive lending practices by not fully informing the defendant as to all the material facts and risks associated with the loan. Under such a pleading, facts might be admissible justifying a defense of fraud or justifying a "withholding of foreclosure."
In the second special defense, the defendant alleges that the FDIC has not accurately computed the amount (if any) due and owing under the note and has willfully overcharged the defendant. Under such a pleading, facts might be admissible justifying a "reduction of the stated indebtedness."
Accordingly, the motion to strike the first and second special defenses on the ground that both are legally insufficient defenses to a foreclosure action is denied.
The Court
By Curran, J.