[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action, the Federal Deposit Insurance Corporation ["FDIC"] seeks to foreclose upon two commercial mortgages and one residential mortgage on real property in Greenwich. The defendants are Jean and Anthony Constantine and Offshore Yachts International ["Offshore"]. In its five count complaint, dated January 8, 1991, the original plaintiff, Norwalk Savings Bank ["NSB"], alleges that on April 22, 1988, the following agreements were executed: (1) the Constantines signed a note for $150,000, secured by the Constantine's residence in Greenwich; (2) Offshore, through its president, Anthony Constantine, executed a revolving loan agreement in consideration for sums to be advanced by the bank to Offshore on a line of credit; and (3) the Constantines executed an individual guaranty for prompt payment of Offshore's obligations under the commercial note, also secured by the Greenwich property. NSB further alleges that on March 20, 1991, Offshore, through its president, Anthony Constantine, executed a second commercial revolving loan agreement-promissory note, and the Constantines executed a guaranty for that CT Page 3560 commercial note, also secured by the Greenwich property. NSB claims that the defendants are in default, and seeks foreclosure of the 1988 residential mortgage, the 1988 commercial mortgage, and the 1991 commercial mortgage; possession of the mortgaged premises; monetary damages and interest; and a deficiency judgment against the Constantines and Offshore. On April 1, 1993, the FDIC, as receiver of NSB, was substituted as party plaintiff.
On April 5, 1993, the defendants filed an answer and four special defenses. The first three special defenses allege that the interest rates charged on the notes were usurious, and the fourth alleges fraudulent misrepresentation and/or inducement on the part of NSB based upon NSB's alleged breach of an understanding between the parties. On August 6, 1993, the FDIC filed a motion to strike the four special defenses on the ground that they are barred against the FDIC. The defendants did not file a memorandum in opposition in accordance with Practice Book § 155.
DISCUSSION
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause or action, the motion to strike must fail.'" (Citation omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
A motion to strike is proper to test the legal sufficiency of special defenses. Practice Book 152. Special defenses require the pleading of facts which are consistent with the plaintiff's statement of facts, but show that the plaintiff nevertheless has no cause of action. Northeast Savings, F.A. v. Dunst,6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.). CT Page 3561
I. The first three special defenses
The first three special defenses essentially allege that the interest rates charged on the notes were usurious. The FDIC argues that the allegations are insufficient to establish that the interest rates were usurious and, in any event, state-chartered banks such as NSB are exempt from the usury laws, set out in General Statutes 37-1 et seq. Furthermore, the FDIC claims that the special defense of usury may not be asserted against the FDIC in its capacity as receiver.
"Connecticut has recognized the following defenses to an action for foreclosure: Payment, discharge, release or satisfaction . . . accident, mistake or fraud . . . abandonment of security . . . . . and usury . . . ." (Internal citations omitted.) First Federal Bank v. Zavatsky, 8 CSCR 1128 (September 24, 1993, Morgahan, J.); see also Shawmut Bank v. Wolfley,9 CSCR 216, 217 (January 24, 1994, Dean, J.). "Mortgages have been exempted from usury statutes, [General Statutes 37-1 et seq.] leaving relief from the consequences of usury in foreclosure actions to the equity powers of the court." Maresca v. DeMatteo,6 Conn. App. 691, 695, 506 A.2d 1096 (1986). "`Because of this exemption, the defense of usury is unavailable in a suit for foreclosure of the mortgage, even if the defense would be available in a suit upon the note if upon foreclosure of the mortgaged property it was necessary to act upon a deficiency judgment.'" Id., 695-96, quoting Associated East Mortgage Co. v. Highland Park, Inc., 172 Conn. 395, 405, 347 A.2d 1070 (1977); see also Atlas Realty Corp. v. House, 120 Conn. 661, 670,183 A. 9 (1936). "[T]he deficiency judgment procedure is the functional equivalent of a suit upon a note, to which the usury statute [applies]." Maresca v. DeMatteo, supra, 696. "A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State[,] action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." Atlas Realty Corp. v. House, supra.
Usury is a recognized special defense to a foreclosure action in Connecticut, particularly when a deficiency judgment is sought. Although the FDIC cites federal cases in support of the proposition that usury may not be asserted against the FDIC, the issue has not been addressed by the Connecticut CT Page 3562 courts. This court may later determine that the Connecticut usury laws do not apply to this transaction or that the defendants may not raise usury as a special defense against the FDIC, but viewing the special defense in the light most favorable to the defendant, the defense of usury is sufficiently stated. "`In judging a motion to strike, . . . it is of no moment that the [party] may not be able to prove [his] allegations at trial' (citations omitted.)" Grubb Ellis Co. v. Dinardo,2 Conn. L. Rptr. 309 (August 30, 1990, Jones, J.). Accordingly, this court denies the motion to strike the first three special defenses.
II. The fourth special defense
In the fourth special defense, the defendants allege that they were induced by certain representations of NSB to move their corporate and personal business to the bank, and "as part of the representations of said agents, officers, employees and representative of the plaintiff bank, there was an understanding that letters of credit would be issued to defendant Offshore . . . when needed in the course of its business" and that NSB failed to honor this "business arrangement." The defendants allege that as a consequence of false and fraudulent misrepresentations made by NSB, the defendants, business failed and they defaulted in payments. The FDIC argues that the fourth special defense is based upon an undocumented agreement and is therefore barred by 12 U.S.C. § 1823(e) and the D'Oench/Duhme doctrine.
"The common law D'Oench doctrine and [12] U.S.C. § 1823(e) bar the assertion against the FDIC of any defense premised on any unrecorded agreement between the borrower and a failed institution that does not satisfy all four requirements of 1823(e)." Federal Deposit Ins. v. Briarwood Devel., 8 CSCR 1082
(September 3, 1993, Lager, J.). Section 1823(e) provides in relevant part that:
 No agreement which tends to diminish or defeat the interest of the Corporation [FDIC] in any asset acquired by it under this section or 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement: (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, CT Page 3563 including, the obligor, contemporaneously with the acquisition of the asset by the depositor institution, (3) was approved by the Board of Directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.
12 U.S.C. § 1823(e). "While the statute only `partially' codifies the D'Oench doctrine . . . `courts have found the aims of section 1823(e) and D'Oench identical and thus have construed defenses premised upon section 1823(e) and D'Oench in tandem.'" FDIC, Receiver of Citytrust v. Conant, 8 CSCR 1060 (September 9, 1993, Lager, J.).
"The term `agreement' under the common law and as used in 1823(e) is defined broadly to include all conditions upon performance . . . . and any `scheme or arrangement that is likely to mislead the banking authorities.'" (Internal citation omitted.) FDIC v. Briarwood Devel., supra., quoting Langley v. FDIC, 484 U.S. 86, 93, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987); see also D'Oench, Duhme Co. v. FDIC, 315 U.S. 447, 460,62 S.Ct. 676, 86 L.Ed.2d 956 (1942). "Courts have applied the common law and 1823(e) to protect the FDIC from a variety of claims including those based on secret agreements, unwritten agreements, fraud in the inducement, state and common law fraud, alleged violations of federal securities laws and other federal statutes, and certain affirmative defenses." FDIC v. Briarwood Devel., supra; see also Citytrust v. Clark Fray Construction Co.,7 CSCR 570 (May 1, 1992, Arena, J.).
The defendants in their fourth special defense allege that there was an "understanding" between NSB and the defendants and that NSB violated a "business arrangement." The defendants do not claim that this "understanding" or "arrangement" is documented defendants, claims of fraud are based on an "understanding" that does not satisfy 1823 or the D'Oench doctrine. Connecticut courts have stricken similar special defenses based upon 1823(e) and the D'Oench doctrine. See Federal Deposit Ins. v. Briarwood Devel., Supra; Federal Deposit Ins. Corp. v. Blonder, 8 CSCR 590
(April 30, 1993); Citytrust v. Keegan, Superior Court, Judicial District of Ansonia/Milford at Milford, docket no. 034262 (March 2, 1992); Connecticut Bank Trust Co. v. Lee, 7 CSCR 137
(September 4, 1992, Ryan J.). This court adopts the reasoning of CT Page 3564 the superior court decisions cited above and grants the motion to strike the fourth special defense.