[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On November 12, 1993, the plaintiff, First Commerce of America, Inc., filed an amended complaint seeking, inter alia, foreclosure and possession of certain mortgaged premises along with monetary damages arising out of Theodore J. Haddad, Jr.'s and Tracy Haddad's ("defendants") alleged default on a promissory note.
The amended complaint alleges that on August 31, 1990, the defendants, owed the plaintiff the sum of seventy-five thousand ($75,000) dollars pursuant to a promissory note made payable to Greenwood Bank of Bethel. To secure that promissory note, the plaintiff alleges that the defendants mortgaged to Greenwood Bank of Bethel certain premises located in Danbury, Connecticut.[1]
The plaintiff alleges that the defendants defaulted in the payments due under the promissory note and, as a result of the default, owe the plaintiff the principal balance of seventy-five thousand ($75,000) dollars, together with interests and costs.
On February 14, 1994, the defendants filed an answer. By way of four special defenses, the defendants allege that the plaintiff is estopped from asserting a claim based upon the note and mortgage because of (1) an alleged agreement in August of 1992 that extended the defendants' credit line for one year, and CT Page 703 an alleged loan modification agreement dated October 15, 1992 that was predicated upon "misrepresentations that the bank would assist the defendants in refinancing his debts"; (2) the bank's alleged fraudulent misrepresentation that "induced the defendants to sign the alleged modification agreement based on material misstatements of fact that the Bank was in sound financial condition"; and, (3) the bank's alleged violation of "its implied covenant of good faith and fair dealing" with the defendants, an allegation based upon the allegations as set forth in the defendants' first and second special defenses. By way of a fourth special defense, the defendants allege that "the note, mortgage and modification agreement are invalid as they had been modified by a subsequent agreement between the Bank and the defendants."
On October 11, 1994, the plaintiff filed a motion for summary judgment, as to liability only, against the defendants.[2] The plaintiff has filed a memorandum of law along with exhibits, including a copy of the note, a certified copy of the mortgage, certified copies of certain modification agreements, and a certified copy of the Notice of Transfer of Mortgage, in support of its motion. The defendants have filed an opposition memorandum and have attached an affidavit of the defendant, Theodore Haddad, Jr., along with exhibits including the deposition testimony of the defendant, Theodore Haddad, and a copy of a loan commitment letter.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "A material fact is simply a fact which will make a difference in the result of the case." Genco v.Connecticut Light Power Co., 7 Conn. App. 164, 167,508 A.2d 58 (1986). The burden of proof is on the moving party.State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact.'"Fogarty v. Rashaw 193 Conn. 442, 445, 476 A.2d 582
(1984). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. Teal Industries, Inc.,178 Conn. 262, 269, 422 A.2d 311 (1979). CT Page 704
In its supporting memorandum, the plaintiff argues that "when the FDIC acquires an obligation in its capacity as receiver of a failed bank, the obligor cannot defend on the basis of any oral agreement with employees or agents of the bank." The plaintiff relies upon D'Oench, Duhme Co. v. FDIC, 315 U.S. 447
(1942) and the correlative D'Oench Duhme doctrine as codified by congress and as set forth in 12 U.S.C. § 1823(e), in support of its position. That statutory subsection provides that:
 No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 11 [12 USCS, Sec. 1821], either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement — (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.
"Pursuant to the common-law D'Oench Duhme doctrine, as codified in 12 U.S.C. § 1823(e), the defendants are barred from defending or counterclaiming in any action by the FDIC as receiver based upon any unrecorded agreement separate from the note." Federal Deposit Ins. Corp. as Receiver of CommunityNational Bank v. Blonder, 8 CSCR 590, 591 (April 28, 1993, Klaczak, J.). Those requirements listed in section 1823(e) apply "only to defenses anchored in alleged agreements that are separate from and collateral to the instrument that the FDIC or an acquiror from the FDIC seeks to enforce." First Fed. Bankv. Realty Capitol Assoc., Superior Court, Judicial District of New Haven at New Haven, Docket No. 304321 (December 9, 1993, Hodgson, J.).
The plaintiff postulates that because the defendants' special defenses fail to allege facts from which it could be found that the defendants' agreements with the plaintiff were valid under12 U.S.C. § 1823(e), they are not legally sufficient defenses to the plaintiff's foreclosure action in the present case. CT Page 705
In opposition, the defendants counter that the plaintiff's motion should be denied because (1) the plaintiff has not proffered evidence to refute the factual allegations as stated in the defendants' affidavit in violation of Practice Book, Sec. 384;[3] (2) the provisions of 12 U.S.C. § 1823(e) are inapplicable to the defenses alleged by the defendants, and (3) the defendants entered into a binding agreement with the bank that meets the requirements of 12 U.S.C. § 1823(e).
The plaintiff's motion is denied because the defenses at issue are not barred by the operation of 12 U.S.C. § 1823(e).
Attached to the plaintiff's motion are two separate certified copies of modification agreements executed by, among others, the defendants and certain officers of the Greenwood Bank of Bethel. A perusal of the first modification agreement dated October 1, 1991 reveals that the maturity date had been amended from the original due date of August 30, 1991 to August 30, 1992. Thereafter, the second modification agreement dated October 19, 1992 further extended the maturity date to August 30, 1993. The allegations of the defendants' special defenses indicate that they are not asserting a separate agreement, but are contesting the validity of the foregoing modification agreements entered into by the parties, which extended the maturity date of the original instrument, thereby serving as the factual predicate for those defenses. The defendants are not asserting as a defense an unwritten agreement between the plaintiff and the defendant borrowers that is separate from the instrument that the plaintiff seeks to enforce. Since special defenses that are not based on any unrecorded side agreement will not be barred by the operation of 12 U.S.C. § 1823(e) or by the common law D'Oench Duhme doctrine; see, e.g., First Fed. Bank v. Realty CapitolAssoc., supra; Federal Deposit Ins. Co. v. Sadlik,9 CSCR 404 (April 25, 1994, Curran, J.); the plaintiff's motion for summary judgment, as to liability only, is denied.
Stodolink, J.