[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS MOTION FOR SUMMARY JUDGMENT
By a one count complaint filed with the court on January 19, 1993, plaintiff Chelsea Groton Savings Bank seeks to foreclose a mortgage to it from the defendants Ilias and Stephen Nousiopoulos on property located in Norwich, Connecticut.
In response to the foreclosure action, the defendants filed a document entitled "revised special defenses and crossclaims" which contains six specific counts. Count one alleges breach of contract. Count two alleges tortious interference with a business relationship. Count three states another claim for breach of contract based on the plaintiff's alleged refusal to convert a construction loan into a commercial mortgage. Count four loosely alleges some kind of breach of the duty of good faith and fair dealing. Count five alleges a breach of a written lease agreement. Count six alleges a violation of CUTPA.
In reply to these "special defenses" and "crossclaims", the plaintiff denied the assertions as contained therein, and raised as a special defense that the defendants' "crossclaims" are barred by the applicable statute of limitations as set forth in General Statutes § 52-576, 52-581 and 52-577, and that some fail to state a claim for which relief can be granted.[1] Thereafter, the plaintiff filed a motion for summary judgment against the defendants on their answer and special defenses and seeks to foreclose the mortgage.
The defendants oppose the plaintiff's motion for summary judgment and assert that there are genuine issues of fact in dispute. In particular, the defendants assert that the CT Page 3920 allegations as contained in the special defenses and counterclaims raise issues of material facts.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, (1989).
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm,224 Conn. 524, 530, (1983).
"A party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials, or upon the pleadings of someone not a party to the motion for summary judgement to establish the existence of a `genuine issue' as to a material fact." Citizens National Bank v.Hubney, 182 Conn. 310, 312 (1980).
Under Practice Book § 165, "[w]here several matters of defense are pleaded, each must refer to the cause of action which it is intended to answer, and be separately stated and designated as a separate defense. . ." In the present case, the defendants have labelled their responsive pleading as special defenses and crossclaims without specifically informing the court as to which "counts" are intended to be special defenses and which are counterclaims. Thus, the defendants have not complied with the requirements of Practice Book § 165.
To the extent, however, that the six "counts" may be construed as special defenses to a mortgage foreclosure, they must fail as a matter of law. "Connecticut has recognized the CT Page 3921 following defenses to an action for a foreclosure of a mortgage: usury, unconscionability of interest rate, duress or coercion and material alteration, discharge, fraud in the factum, and lack of consideration." (Citations omitted.)Connecticut Nat'l Bank v. Montanari, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0517808, (January 26, 1994, Aurigemma, J.) All of the above referenced defenses have at their core a relationship to the making, validity or enforcement of a promissory note. The defendants' "special defenses", however, are more concerned with matters of breach of contract, breach of an alleged duty of good faith and fair dealing, breach of a lease agreement and other matters that "may show that the [defendant has] claims against the plaintiff, but they do not defeat the plaintiff's cause of action for foreclosure of the Mortgage in question." Id.
Practice Book § 116 states in part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ." "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Ass'n v.Tucker, 196 Conn. 172, 175 (1985).
The plaintiff claims that the defendants' counterclaims are barred by the statute of limitations. In response, the defendants cite the case of Tuttle v. Armstead, 53 Conn. 180
(1885), for the proposition that their counterclaims are not time barred because payment of interest on a promissory note prevents the statute of limitations from running. Tuttle, however, is concerned with the payment and promise to pay interest and principal on a note secured by a mortgage that was later assigned. In the present case, the defendants raise counterclaims that are loosely related to the note and mortgage transaction, but do not directly concern any agreement surrounding the terms of the mortgage and promissory note. Therefore, each counterclaim must be characterized independently in order to determine if any of the claims are barred by the applicable statute of limitations.
Count one, paragraph seven of the defendants' first CT Page 3922 counterclaim states that "[w]ithout justification or excuse, the plaintiff ceased performance of its contractual obligations, throughout the winter months of 1985 and 1986, and withheld needed funds to continue the project." Count three alleges that "[t]he plaintiff promised, orally and in writing, to convert the construction loan to a commercial mortgage within twelve months of the development's completion." These promises allegedly occurred in 1984, 1985 and 1989.
General Statutes § 52-576 establishes a six year statute of limitations for actions that arise under simple, implied, or written contracts. Similarly, General Statutes § 52-581
sets the statute of limitations period for oral contracts at three years. Since the events alleged in count one that led to the breach of either a written or oral contract occurred in 1985 or 1986, the counterclaim is untimely and barred by the statute of limitations.
However, the pleadings are unclear as to the form of 1989 agreement alleged in count three. To the extent that the 1989 agreement is oral, it is also time barred. If, however, it is a written agreement, the counterclaim was brought within six years of the alleged breach, and will withstand a motion for summary judgment. Because of the unclarity of the defendants' pleadings, the court finds that there is a material issue of fact in dispute as to the nature and form of the 1989 agreement. Therefore, the entire count three must survive a motion for summary judgment because of the uncertainly created by the wording of the counterclaim. Clearly, whether or not the agreement was in writing will determine if the claim is time barred, and therefore that fact is a material issue in this suit.
Count two of the counterclaim makes a claim that the plaintiff interfered in a contractual dispute concerning the defendants and a third party around the same time that the plaintiff allegedly breached the written and oral contracts that are the subject of counterclaim counts one and three.
General Statutes § 52-577, however, establishes a three year statute of limitation for tort claims. Furthermore, because the counterclaim sounds in tort and has no connection to the validity or enforcement of the mortgage, it is improper as a matter of law in a foreclosure action. ConnecticutCT Page 3923Savings Bank v. Reilly, 12 Conn. Sup. 328 (1944). Thus, count two is time barred and is insufficient as a matter of law.
Count four alleges some sort of a breach of good faith and fair dealing by the plaintiff in connection with alleged negotiations with the defendants concerning the rental and/or a purchase option of the property now subject to the foreclosure. In its motion for summary judgment, however, the plaintiff claims that the count is legally insufficient as a matter of law because it fails to state a cause of action. Thus, the plaintiff is really attempting to strike the counterclaim. "The proper way to have tested the legal sufficiency of the complaint would have been by demurrer before the pleadings were closed or, after an answer had been filed, by a motion for summary judgment pursuant to Practice Book § 303 [now § 387], `if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Boucher Agency, Inc. v.Zimmer, 160 Conn. 404, 409 (1971).
Based on Boucher, the plaintiff is permitted to test the sufficiency of the count through a motion for summary judgment. "There is no logical reason why good faith and fair dealing should be excluded from contractual arrangements involving mortgages and therefore, breach of covenant and good faith may be asserted in a foreclosure action." (Citation omitted; internal quotation marks omitted.) Citicorp Mortgage,Inc. v. Kerzner, 8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.).
A close reading of count four, however, reveals that the plaintiff's alleged breach is not based on the mortgage itself but on some unspecified negotiation dealing with the lease or purchase of the property. Furthermore, the count fails to allege the existence of any duty which the plaintiff owed to the defendants either based on a contract, a statute, or from a situation where a reasonable person could anticipate the type of harm or injury that would result from any action or inaction by the plaintiff. Coburn v. Lennox Homes, Inc.186 Conn. 370, 375 (1982). Therefore, because the count is based on negotiations outside of the mortgage and note, and there is no allegation of a duty owed, the defendants' fourth count must fail as a matter of law. CT Page 3924
Count five of the counterclaim alleges that the plaintiff breached a lease agreement with the defendants. The plaintiff cites the case of Norwalk Bank v. Constantine, 9 CSCR 651
(April 11, 1994, Karazin, J.), for the proposition that breach of lease agreement is not an appropriate counterclaim in a foreclosure action. The facts as stated in Constantine, however, demonstrate the court held that the breach of an oral "understanding" entered into by the plaintiff and the defendant was invalid because it violated the common law doctrine of D'Oench and 12 U.S.C 1823(e) which bars a defense against the FDIC based on any unwritten agreement.
In the present case, however, the defendants allege a breach of a written lease agreement, and the plaintiff here is not the FDIC. The plaintiff answers the allegation contained in count five of the counterclaim with a general denial, and has not attached any affidavits or other documentation that might demonstrate that the lease agreement was not breached. In fact, the lease in question is not even part of the court's file.
Because the plaintiff bears the burden of showing the nonexistence of a material fact as to each counterclaim, its motion for summary judgment must fail as to count five. Whether or not the lease was breached is a question of fact that must be decided on its merits.
Finally, count six of the counterclaim alleges that the plaintiff's actions, as alleged in the previous five counts of the counterclaim, constitute a violation of CUTPA. The alleged violations in question, however, occurred between the years of 1984 and 1989. CUTPA claims, however, must be brought within three years of their alleged occurrence. General Statute § 42-110g(f). Therefore, summary judgment is appropriate as to count five because of the running of the statute of limitations.
Based on the above discussion, the plaintiff's motion for summary judgment must be granted as to its foreclosure action. The defendants have not raised any legally recognizable defense to the plaintiff's right to foreclosure of the mortgage, nor have they demonstrated that there is a material issue of fact in dispute concerning the foreclosure. The plaintiff must also prevail on counts one, two, four and six, of the defendants' counterclaim based on the applicable CT Page 3925 statute of limitations. Count four also is insufficient as a matter of law because it fails to state a claim for which relief can be granted.
Summary judgment, however, must be denied as to count three of the counterclaim based on the statute of limitations because the pleadings do not specifically allege whether or not the 1989 agreement allegedly entered into by the parties was written or oral.
Finally, because there is a material issue of fact in dispute as to the alleged breach of a lease agreement allegedly entered into by the parties in this case, summary judgment must be denied as to count five of the counterclaim.
For the above stated reasons, the plaintiff's motion for summary judgment is granted as to its action in foreclosure and as to counts one, two, four and six of the defendants' counterclaim and is denied as to counts three and five of the defendants' counterclaim.
Hendel, J.