[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIALDEFENSES (#126)
The plaintiff Centerbank, has filed a motion to strike the defendants' fourth and fifth special defenses on the grounds that the D'Oench Duhme doctrine bars the defenses of lack of consideration and fraud in the inducement.
Centerbank also moves to strike the case from the jury docket because mortgage foreclosure actions are equitable in nature and do not give rise to a jury trial.
The plaintiff, Centerbank, filed a one count complaint in this foreclosure action on December 7, 1993. Centerbank alleges in its complaint that on December 12, 1989, the defendants Thomas McLaughlin and Edward Laflamme, managing partners of Putnam Square Associates, a Connecticut general partnership, executed a promissory note on behalf of Putnam Square Associates in favor of CT Page 6941 Connecticut Savings Bank (CSB). The complaint alleges that the note was secured by a mortgage given to CSB on certain parcels of land situated in the city of Bridgeport. The mortgage was executed by McLaughlin and Laflamme as Putnam Square Associates' managing partners.
Centerbank alleges that on or about November 14, 1991, CSB was declared insolvent, and the Federal Deposit Insurance Corporation, (F.D.I.C.), was appointed receiver. According to its complaint, Centerbank acquired all of CSB's rights, title and interests in those of CSB's assets that are the subject of this action. Centerbank further alleges that Putnam Square Associates defaulted in its obligations under the note thus bringing about this foreclosure action.
On June 28, 1994, this case was claimed for the jury list. On November 21, 1994, the defendants, Putnam Square Associates, Joseph Gall, Joseph Gall, trustee, Thomas McLaughlin, Thomas McLaughlin, trustee, Unified Development Corp. XVI, and Employee Staffing of America, Inc., filed their revised answer, defenses and counterclaim. On Dec. 6, 1994, Centerbank filed a motion to strike all five of the defendants' special defenses and both counts of the counter claim. Centerbank filed a memorandum in support of its motion on the same date. The defendants have not filed a memorandum in opposition to Centerbank's motion.[1]
On January 23, 1995, the defendants filed a withdrawal of the first, second and third special defenses and both counts of the counterclaim. Therefore, the court is left to consider Centerbank's motion to strike the fourth and fifth special defenses and the motion to strike the claim from the jury docket.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v.Peoples's Bank 219 Conn. 465, 468, n. 3, 594 A.2d 1 (1991). A motion to strike can challenge a special defense. See ConnecticutNational Bank v. Douglas, 221 Conn. 530, 534, 606 A.2d 684 (1992). In addition, a motion to strike is the proper method by which to strike a claim from the jury docket. See Practice Book § 282;Associated Investment Co. v. Williams Associates, 230 Conn. 148,153, 645 A.2d 505 (1994); Gaudio v. Gaudio, 23 Conn. App. 287, 303,580 A.2d 1212 (1990). CT Page 6942
The defendants allege in their fourth special defense that as part of the consideration for which the defendants bargained, CSB made a false oral representation that it would convert the "construction mortgage" to "permanent financing." The defendants allege that because CSB did not honor its agreement to convert the mortgage to permanent financing, the note and mortgage are void for lack of consideration. The defendants allege in their fifth special defense that the same false oral representation makes the note and mortgage void for fraud.
In its motion to strike the fourth and fifth special defenses, Centerbank argues that the common law D'Oench Duhme doctrine and its statutory counterpart, 12 U.S.C. § 1823(e), bar any defense based upon an oral side agreement that the defendants might have asserted against the F.D.I.C. with respect to the subject mortgage and note. In turn, Centerbank argues that federal common law and General Statutes § 42a-3-203 extend to Centerbank the same protection enjoyed by F.D.I.C. with respect to the mortgage and note. Therefore, Centerbank argues that the defendants' third and fourth special defenses, which are based upon an alleged oral agreement with CSB, should be stricken.
As a second ground for its motion to strike the fourth and fifth special defenses, Centerbank argues that the federal holder in due course doctrine bars assertion of those defenses. Since the D'Oench Duhme doctrine warrants striking the fourth and fifth special defenses, the court will not address the applicability of federal holder in due course doctrine to those defenses.
In D'Oench, Duhme Co. Inc. v. Federal Deposit InsuranceCorporation, 315 U.S. 447, 460, 62 S.Ct. 676, 86 L.Ed. 956
(1942), the Supreme Court held that a party to a note that has been assumed by the F.D.I.C. may not assert a defense against the F.D.I.C. based on a secret oral agreement that is "designed to deceive the . . . [F.D.I.C.] or would tend to have that effect." The D'Oench Duhme doctrine has been codified in 12 U.S.C. § 1823(e) which provides that "no agreement tending to diminish or defeat the right, title or interest of the [F.D.I.C.] in any asset acquired by it under this section, either as security for a loan or by purchase shall be valid against the Corporation unless such agreement (1) is in writing, (2) was executed by the depository institution and . . . the obligor contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, CT Page 6943 which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution." The protection afforded to the F.D.I.C. by the D'Oench Duhme doctrine also apply to successors in interest to the F.D.I.C. Fleet Bank v.Prawer, 789 F. Sup. 451, 455 (D.Me. 1992), aff'd, 991 F.2d 786
(1st Cir. 1993); Gulf Federal Savings and Loan Ass'n. v. Muldering,742 F. Sup. 358, 361 (E. D. La. 1989).
The term "agreement" as used in § 1823(e) "covers more than promises to perform acts in the future"; it also applies to an "unwritten and unrecorded condition', upon the repayment of a note.Langley v. Federal Deposit Insurance Corp., 448 U.S. 86, 92-93,108 S.Ct. 396, 98 L.Ed.2d 340 (1987). In addition, if a defendant asserts a special defense which is based upon an agreement pursuant to § 1823(e), against a claim brought by the F.D.I.C. or a successor, to collect upon a note, or foreclose a mortgage, that special defense must contain facts that demonstrate that the agreement meets each of the requirements of § 1823(e). See NorwalkBank v. Constantine, 9 CSCR 651 (April 11, 1994, Karazin, J.); Federal Deposit Insurance Corp. v. Briarwood, 8 CSCR 590 (September 3, 1993, Lager, J.); Federal Deposit Insurance Corp. v. Blonder,8 CSCR 590, (April 30, 1993, Klaczak, J.); Connecticut Bank and TrustCo. v. Lee, 7 CSCR 1137 (September 4, 1992, Ryan, J.) The above cases also hold that a failure to so plead, warrants striking the special defense.
The D'Oench Duhme doctrine and § 1823(e) have been held to bar the defenses of failure of consideration; D'Oench, Duhme Co. Inc.v. Federal Deposit Insurance Corp., 315 U.S. 460; see also GulfFederal Savings and Loan Ass'n. v. Muldering, supra, 742 F. Sup. 361; and fraud in the inducement; Federal Deposit Insurance Corp.v. Giammettei, 34 F.3d 51, 57 (2d Cir. 1994); but not fraud in the factum. Id.[2]
CSB's alleged agreement to provide permanent financing to the defendants is an agreement pursuant to § 1823(e) as it created a condition upon which the defendants claim their performance under the note and mortgage depended. Further, the defendants have failed to allege in their third and fourth special defenses all of the four requirements of § 1823(e). Accordingly, Centerbank's motion to strike the fourth and fifth special defenses, alleging failure of consideration and fraud in the inducement respectively, is granted. CT Page 6944
Centerbank has also moved to strike the present case from the jury docket on the ground that mortgage foreclosure actions are equitable in nature and do not give rise to the right to a jury trial.
"A motion to strike is the proper vehicle for striking a case from the jury docket." Continental Bank v. Willard Square,8 CSCR 513 (April 23, 1993, Aurigemma, J.). "It is generally held that the right to a jury trial exists only in cases in which it existed at common law and at the time of the adoption of the constitutional provisions preserving it . . . . At common law, legal claims [were] tried to a jury [and] equitable claims [were] tried by a court . . . . Equitable actions, therefore, are not within the constitutional guarantee of a trial by jury." (Citations omitted; , internal quotation marks omitted.) Skinner v. Angliker, 211 Conn. 370, 374,559 A.2d 701 (1989). Mortgage foreclosure actions are "peculiarly equitable" in nature; Hartford Federal Savings and Loan Assn. v.Tucker, 196 Conn. 172, 175 (1985); and hence do not give rise to the right to a jury trial. See Northeast Savings, F.A. v. PlymouthCommons Realty, 229 Conn. 634, 640, 642 A.2d 1194 (1994);Continental Bank v. Willard Square, supra, 8 CSCR 513.
Hence, since Centerbank's claim is a mortgage foreclosure action and is equitable in nature, the defendants have no right to a jury trial. Accordingly, Centerbank's motion to strike the present case from the jury docket is granted.
MAIOCCO, JUDGE