[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 26, 1997
The plaintiff, Webster Bank, filed a one-count complaint in this foreclosure action on December 24, 1996. Webster alleges that on March 10, 1989, the defendant, Judy Eierweiss now known as Judy E. Mison (Mison), Irving Eierweiss and Shirley Eierweiss for value received jointly and severally executed a promissory note in favor of First Constitution Bank (FCB). Webster alleges that the note was secured by a mortgage given to FCB on a parcel of land located in Hamden, Connecticut.
Webster alleges that on October 2, 1992, FCB was placed in receivership and the Federal Deposit Insurance Company (FDIC) was appointed receiver. The complaint alleges that subsequently, the FDIC transferred, by a purchase and assumption agreement dated October 2, 1992, the note and the mortgage to First Federal Bank now known as Webster Bank, the plaintiff. Webster alleges that it is still the owner and holder of the note and mortgage. Webster further alleges that on September 1, 1996, the Eierweisses failed to pay the principle and interest on the note and mortgage, and that the Eierweisses and Mison have continued to be in default on the note and mortgage.
The Eierweisses and Mison filed an answer and special defenses on February 7, 1997, wherein they deny the material allegations of the complaint and allege three special defenses. On February 10, 1997, Webster filed a motion to strike the special defenses accompanied by a memorandum of law in support. On February 28, 1997, the Eierweisses and Mison filed a memorandum in opposition to the motion to strike.
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book § 152. "[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); Practice Book § 152(5). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleadings]. The court must construe the facts . . . most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
The first special defense alleges that the purported guaranty CT Page 6587 between Irving and Shirley Eierweiss and Webster fails for lack of consideration. The second special defense alleges that Webster artificially created the default because Mison "was not fully advised of the terms and conditions of the . . . [m]ortgage deed and note and certain payments were made by [Mison] for which she did not receive proper credit."
Webster moves to strike the first and second special defenses on the ground that each is legally insufficient in that the special defenses are barred by the D'Oench Duhme Doctrine.[1]
With respect to the first and second special defenses Webster argues that the D'Oench Duhme doctrine and its statutory counterpart, 12 U.S.C. § 1823 (e), bar any defense based upon oral or undisclosed side agreements that diminish the FDIC's interest in the assets it has acquired from failed institutions. In turn, Webster argues that the doctrine and the statute extends to it the same protection enjoyed by the FDIC, and therefore, concludes that the first and second special defenses should be stricken. In opposition the Eierweisses and Mison argue that the D'Oench Duhme doctrine does not apply because the first and second special defenses are based on facial defects of the note itself, and not upon alleged secret or unrecorded side agreements.
In D'Oench, Duhme Co. Inc. v. Federal Deposit InsuranceCorporation, 315 U.S. 447, 460, 62 S.Ct. 676, 86 L.Ed. 956
(1942), the Supreme Court held that a party to a note that has been assumed by the FDIC may not assert a defense against the FDIC based on a secret oral agreement that is "designed to deceive the . . . [FDIC] or would tend to have that effect." The D'Oench Duhme doctrine has been codified at 12 U.S.C. § 1823
(e) which provides that "[n]o agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section . . . either as security for a loan or by purchase or as a receiver of any insured depository institution shall be valid against the [FDIC] unless such agreement (A) is in writing, (B) was executed by the depository institution and . . . the obligor contemporaneously with the acquisition of the asset by the depository institution, (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (D) has been, continuously, from the time of its execution, an official record of the depository institution." The protections afforded to the FDIC by the D'Oench Duhme doctrine also apply to successors in interest to the FDIC. Fleet Bank ofCT Page 6588Maine v. Prawer, 789 F. Sup. 451, 455 (D.Me. 1992), aff'd,991 F.2d 786 (1st Cir. 1993).
The term "agreement" as used in § 1823(e) "covers more than promises to perform acts in the future"; it also applies to an "unwritten and unrecorded condition, upon the repayment of a note." Langley v. FDIC, 448 U.S. 86, 92-93, 108 S.Ct. 396,98 L.Ed.2d 340 (1987). In addition, if a defendant asserts a special defense which is based upon an agreement pursuant to § 1823 (e), against a claim brought by the FDIC or a successor, to collect upon a note, or foreclose a mortgage, that special defense must contain facts that demonstrate that the agreement meets each of the requirements of § 1823(e). See Norwalk Bankv. Constantine, Superior Court, judicial district of Stamford-Norwalk, Docket No. 122065 (April 11, 1994, Karazin, J., 11 CONN. L. RPTR. 323,9 CSCR 651) (failure to plead facts that satisfy § 1823(e) warrants striking the special defense); Federal Deposit Insurance Corp. v.Briarwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295876 (September 3, 1993, Lager, J.,) (same); Federal Deposit Insurance Corp. v. Blonder, Superior Court, judicial district of Tolland, Docket No. 044764 (April 30, 1993, Klaczak, J., 8 CSCR 590); Connecticut Bank and Trust Co. v.Lee, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 111337 (September 4, 1992, Ryan, J., 7 CONN. L. RPTR. 798, 7 CSCR 1137) (same).
The D'Oench Duhme doctrine and § 1823(e) have been held to bar the defenses of failure of consideration; D'Oench, Duhme Co. Inc. v. Federal Deposit Insurance Corp., supra, 315 U.S. 460; and fraud in the inducement; Federal Deposit Insurance Corp. v.Giammettei, 34 F.3d 51, 57 (2d Cir. 1994). Further, "[l]ack of consideration or any other defense against payment to a federally insured financial institution or its receiver must be plainly evidenced by the institution's formal and board-approved records." Resolution Trust Corp. v. Juergens, 965 F.2d 149, 155
(7th Cir. 1992). In CMF Virginia Land L.P. v. Brinson, 806 F. Sup. 90
(E.D.Va. 1992), aff'd, 952 F.2d 400 (1992), certain defendants asserted a lack of consideration defense based on allegations that they were required to sign a guaranty without deriving any benefit from so doing. In rejecting this defense, the court held that "[n]ot only does this [defense] undercut the entire philosophy behind the guaranteeing of loans, but the law dictates that such a defense cannot be effectively asserted against [an assignee of the FDIC]." CMF Virginia Land L.P. v. Brinson, supra,806 F. Sup. 94. Therefore, the federal courts have rejected a lack CT Page 6589 of consideration defense when it is not evidenced by a formal writing, as doing so would establish "a scheme or arrangement likely to mislead the banking authorities." FDIC v. Wright,942 F.2d 1089, 1098 (7th Cir. 1991).
As previously indicated, the first special defense asserts that the purported guaranty between Irving and Shirley Eierweiss and Webster fails for lack of consideration. The second special defense claims that Webster artificially created the default because Mison "was not fully advised of the terms and conditions of the . . . [m]ortgage deed and note and certain payments were made by [Mison] for which she did not receive proper credit."
The first special defense fails to assert that the lack of consideration defense is evidenced by a formal writing, or is otherwise contained in the formal records of the bank. Further, the second special defense likewise fails to allege the existence of a formal writing or formal bank document demonstrating that Mison had paid on the note but that the formal bank documents did not reflect that she had done so. Accordingly, the Eierweisses' and Mison's first and second special defenses are legally insufficient pursuant to the D'Oench Duhme doctrine and the statute.
The third special defense asserts that the notice of acceleration did not comply with the provisions of the mortgage and is therefore insufficient, precluding Webster from prosecuting the foreclosure action.
Webster moves to strike the third special defense on the ground that it is legally insufficient because it attacks acts of the mortgagee outside of the making of the note and mortgage, and thus, is not a recognizable defense to a foreclosure action. In response, the Eierweisses and Mison argue that the failure to provide proper notice of default is a "mandatory condition precedent to an action of foreclosure." (Memorandum in opposition, § III.)
"Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, unconscionability of interest rate, duress or coercion and material alteration, discharge, fraud in the factum, and lack of consideration."[2]Connecticut Nat'l Bank v. Montanari, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517808, 11 CONN. L. RPTR. 10 (January 26, 1994, Aurigemma, J.) The above listed defenses have CT Page 6590 at their core a relationship to the making, validity or enforcement of a promissory note. Moreover, "proper notice of acceleration is a necessary condition precedent to an action for foreclosure."Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598,602-03, 677 A.2d 10 (1996). The third special defense goes to the enforcement of the promissory note because the holder must follow the provision for proper notice before bringing the foreclosure action. The third special defense sufficiently alleges that Webster did not comply with the notice provisions of the acceleration clause before bringing this action. Accordingly, the third special defense sufficiently alleges a recognizable defense to the foreclosure action because if the Eierweisses and Mison can show that the default notice was insufficient they can demonstrate that the present foreclosure action was premature.
For the foregoing reasons, Webster's motion to strike the first and second special defenses are granted and its motion to strike the third special defense is denied.
CELOTTO, S.T.R.